## COMMISSIONER OF INTERNAL REVENUE v. PEOPLE'S-PITTSBURGH TRUST CO. et al.

### No. 4838.

Circuit Court of Appeals, Third Circuit.

Aug. 3, 1932.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen.

Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for petitioner.

Thomas Watson, of Pittsburgh, Pa., for respondents.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition of the Commissioner of Internal Revenue to review a decision of the Board of Tax Appeals. The matter originally came before the Board of Tax Appeals upon the petition of Herbert Du Puy, the taxpayer, for the redetermination of a deficiency in his income tax and surtax for the calendar year 1921. The determination of a deficiency was based upon the disallowance by the Commissioner of a deduction in the taxpayer's return of $162,048.12 for expenses incurred in the taxpayer's defense against a criminal charge. The Board of Tax Appeals decided that the deduction should have been allowed. The taxpayer's executors have been substituted as parties on the record.

The taxpayer, Herbert Du Puy, was continuously engaged in the iron and steel business from the time of his graduation in 1873 as a metallurgical engineer until 1919. During 1917 and 1918 he was chairman of the board of directors of the Crucible Steel Company of America, and devoted his time exclusively to the affairs of that company. His salary and bonus from the company amounted to $548,877.25 for 1917 and $596,725.39 for 1918. Part of his duties as the executive head of the company during these two years was to sign and make affidavit to the income and excess profits returns of the company and its subsidiaries. These returns were also signed by one George A. Turville, the secretary and treasurer of the company. They were deemed incorrect, fraudulent, and evasive by the Internal Revenue Bureau, which thereupon preferred charges against the taxpayer and Turville. Both men were indicted. The trial of the taxpayer extended over approximately four weeks. He was finally acquitted, but had expended $150,000 in attorney's fees, $2,987.50 in fees for accountants and auditors, and $9,060.62 for traveling expenses and incidentals. He instituted suit in 1922 to recover these sums from the Crucible Steel Company of America, but was unsuccessful. He deducted this amount in his personal tax return as an expense incurred in his business, but the Commissioner determined a deficiency.

The question is whether the fees paid to attorneys and accountants, and the incidental expenses paid by the taxpayer in his defense against a criminal charge of making a fraudulent income tax return, are deductible from the taxpayer's gross income as ordinary and necessary business expenses in carrying on a trade or business within the meaning of section 214 (a) (1) of the Revenue Act of 1921, 42 Stat. 239.

To determine this question, it is necessary to decide whether the expenses were incurred in the taxpayer's business and whether they were ordinary expenses within the meaning of section 214 (a) (1) and section 215 (a) of the Revenue Act of 1921, 42 Stat. 239, 242, which read as follows:

"Sec. 214. (a) That in computing net income there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *" (See 26 USCA § 955 (a) (1) and note.)

"Sec. 215. (a) That in computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses." (See 26 USCA § 956 (a) (1) and note.)

The Board of Tax Appeals held that the taxpayer's business during 1917 and 1918, the years when the tax returns were made and signed, was that of being executive head of the Crucible Steel Company of America and its subsidiaries, and that expenses paid and incurred in defending a prosecution growing out of acts done in the ordinary course of a trade or business where no crime was committed are ordinary and necessary expenses of such business. The Board held that the case was ruled by the decision of the Supreme Court in Kornhauser v. United States, 276 U. S. 145, 48 S. Ct. 219, 220, 72 L. Ed. 505. In that case, the Supreme Court cited with approval three cases: An opinion by the Solicitor of Internal Revenue holding that legal expenses incurred by a physician in defending a suit for malpractice were business expenses (C. B. V.–1, p. 226); another departmental ruling to the effect that legal expenses incurred in defending an action for damages by a tenant injured while at work on the taxpayer's farm were deductible as business expenses (C. B. 5, p. 121); and a decision by the Board of Tax Appeals which held that expenses incurred in defending a

patent infringement suit were deductible as business expenses (Appeal of F. Meyer & Brother Co., 4 B. T. A. 481). The Supreme Court then said: "The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (Appeal of Backer, 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of section 214 (a), subd. 1, of the act. These rulings seem to us to be sound and the principle upon which they rest covers the present case."

Upon consideration of the facts of the case, we think the conclusions of the Board of Tax Appeals were justified. The taxpayer's business consisted in the performance of the duties devolving upon him as the executive head of the Crucible Steel Company and its subsidiaries. Though he was acting for the steel company and was doing only that which he was required to do, as its official, in the preparation and signing of the tax returns, he was, nevertheless, conducting his own business. When, therefore, he was faced with criminal charges, and was compelled to pay out large sums of money for attorney's fees and other expenses of the trial, he paid what was necessarily incurred by reason of carrying on his own business, viz., that of acting as chief executive officer of the steel company.

The question whether the expenditure was an ordinary expense is answered by the Supreme Court in the Kornhauser Case, supra: " * * * It was an 'ordinary and necessary' expense, since a suit ordinarily and, as a general thing at least, necessarily requires the employment of counsel and payment of his charges."

While the expense for which claim was made might be deemed personal, in the sense that the outlay was made by the taxpayer in defending himself from a charge which, if proved, would have subjected him to liability to imprisonment or fine or both, yet it was an expense made necessary by the nature of the taxpayer's business. He was acquitted on that charge, so that liability upon the criminal aspect of the case was eliminated. The expenses incurred and paid out by him were, in our view, made necessary because a criminal quality was attributed to acts which were performed by the taxpayer in carrying on his trade or business. Guided by the construction placed by the Supreme Court upon the language of the statute, we conclude that they were "ordinary and necessary" expenses.

The petition for review is dismissed, and the decision of the Board of Tax Appeals affirmed.