MORGAN S. KAUFMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17098. Promulgated June 22, 1949.

*Fred L. Rosenbloom, Esq.*, for the petitioner.
*William D. Harris, Esq.*, for the respondent.

1117

OPINION.

MURDOCK, *Judge*: The amounts of the deductions and their effect upon net loss carry-overs for 1943 are not in dispute. The petitioner claims the deductions under section 23 (a) (1) of the Internal Revenue Code. The respondent does not rely upon the disbarment, but argues that it would be neither ordinary nor necessary for a lawyer in the course of his practice to have to defend himself against a criminal charge of conspiracy to obstruct justice and to defraud the United States. However, it is sufficient if the basis of the indictment was connected with and grew out of the legitimate business transactions of the petitioner. *Kornhauser* v. *United States*, 276 U. S. 145; *Commissioner* v. *Heininger*, 320 U. S. 467; *Citron-Byer Co.*, 21 B. T. A. 308. The indictment was directly connected with and proximately resulted from the petitioner's practice of law. It must be assumed that the petitioner's transactions out of which the charge grew were legitimate, since a defendant is presumed innocent until proven guilty, and the petitioner was never proven guilty. *Hal Price Headley*, 37 B. T. A. 738. Cf. *Commissioner* v. *Heininger, supra; Greene Motor Co.*, 5 T. C. 314. Thus, to allow the deduction would not violate public policy. The charge was more than a threat to the petitioner's law practice.

The respondent also contends that the expenses of the defense are not expenses of the law practice for 1941 and 1942, because the peti-

tioner had ceased to carry on that business prior to 1941. This is contrary to *Flood* v. *United States*, 133 Fed. (2d) 173; *Moir* v. *United States*, 49 Fed. Supp. 331; and *Waters F. Burrows*, 38 B. T. A. 236. No sound reason for denying the deductions has been advanced or discovered. The Commissioner erred.

Reviewed by the Court.

*Decision will be entered under Rule 50.*