*Decision will be entered under Rule 50.*

WILLIAM L. BUTLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28368. Promulgated October 11, 1951.

*Andrew B. Young, Esq.,* and *David P. Brown, Esq.,* for the petitioner.

*Stanley W. Herzfeld, Esq.,* for the respondent.

**678**

OPINION.

Rice, *Judge:* The first issue is whether the respondent erred in disallowing the deduction of $9,976.50 paid by petitioner in 1946 to the Company as a compromise settlement pursuant to an order of the United States Disctrict Court for the Eastern District of Pennsylvania. Respondent disallowed said deduction on the ground that it was deductible neither as a business expense under section 23 (a) (1) of the Internal Revenue Code, nor as a loss under section 23 (e) (1) or (2).[1]

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business; or

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Both parties agree that petitioner's business was that of acting as a consultant, officer, or director of public utility corporations. The respondent maintains, however, that the expense or loss which petitioner suffered was not incurred in petitioner's trade or business of participating in the management of public utility corporations, but rather that it grew out of his acting as a trustee responsible to the court because of the reorganization under section 77B of the Bankruptcy Act in which the Company was engaged. We cannot agree with respondent in this argument. Petitioner's business was that, as we said above, of acting as a consultant, officer, or director of public utility corporations. He had been engaged in this business since 1919 either on his own account or as an employee of others. He became associated with the Company in 1930 as an employee of the Conway Corporation, a public utility management and consulting firm, in which petitioner was vice-president from 1926 to 1945. This corporation had the management contract with the Company. When the Company filed its petition under section 77B of the Bankruptcy Act in 1934, the management contract was continued subject, of course, to the jurisdiction of the court. We fail to see how such activity on the part of petitioner under such bankruptcy proceedings was any less his business than management of a solvent corporation.

The respondent also argues that there was no proximate relationship between the payment of the compromise settlement by petitioner and his services as a director and officer of the Company. *Kornhauser* v. *United States*, 276 U. S. 145 (1928). This Court has held that the payment in settlement of a suit for breach of trust or mismanagement of funds by a fiduciary, where the threatened litigation is bona fide, is deductible in those instances where the threatened litigation arises either out of the business of the taxpayer or some transaction he has entered into for profit. *John Abbott*, 38 B. T. A. 1290 (1938); *Great Island Holding Corporation*, 5 T. C. 150 (1945). In the latter case, we said:

We do not doubt that the payment in question is one for which the petitioner is entitled to a deduction under section 23 of the Revenue Act of 1938. Whether the deduction be characterized as an ordinary and necessary business expense or as a loss incurred in his trade or business is of little moment here, for the payment is obviously one or the other and the result is the same. See *Bishop Trust Co., Ltd.*, 47 B. T. A. 737; *John Abbott*, 38 B. T. A. 1290. The controversy amounted to a demand by the preferred shareholders for damages against the principal officer of the corporation for alleged mismanagement of corporate affairs. The payment was directly connected with and proximately resulted from petitioner's business activity. *Kornhauser* v. *United States*, 276 U. S. 145; *Commissioner* v. *Heininger*, 320 U. S. 467. * * * [p. 163].

*Stephen H. Tallman*, 37 B. T. A. 1060 (1938), cited by respondent as authority for not allowing the deduction is readily distinguishable

from the case at bar. In that case the deduction was not allowed since it involved the liability of a fiduciary in an isolated fiduciary activity not incidental to, nor itself the trade or business of the taxpayer, nor was it a transaction entered into for profit by the taxpayer.

There is no reason in this case to deny the deduction because its allowance would frustrate a clearly defined public policy. *Commissioner* v. *Heininger*, 320 U. S. 467 (1943). While the litigation arose and involved the question of the breach of the fiduciary's duty, the fact that petitioner agreed to the compromise payment in no wise necessitates the conclusion that such was actually the case. The opinion of the District Court of February 11, 1946, did not concern the petitioner since the court had granted continuances as to him. In that opinion the petition was dismissed as to two of the defendents. In addition the settlement petition filed on May 23, 1946, indicated that the Bondholders Committee, which was petitioner in the claim, was not certain that the opinion of the court would be affirmed upon appeal. Petitioner testified that the reason he entered into the agreement and paid the settlement was because of his fear of damage to his reputation as a public utility consultant or manager from unfavorable publicity which might result from continued litigation.

It must be borne in mind that we are not here dealing with an instance where the petitioner purchased the bonds in question. Petitioner did not purchase any bonds, nor did he enjoy any profits from them. The bonds were purchased from 1935 to 1940 by Helen following an established policy on her part to purchase securities in which petitioner was acting as a consultant, director or officer. No orders were placed with brokers for these bonds, nor were any of their owners consulted by either petitioner or Helen. When bonds were available on the market (and there was little market for them at that time), the broker was the one who inquired as to whether she was interested in purchasing them. They were purchased at the prevailing market rate. Profits resulting from Helen's dealing in these bonds were reported by her in her individual tax returns and she paid the taxes on them. The proceeding by the Bondholders Committee was therefore not against petitioner for any profits which he might have obtained but rather for profits obtained by relatives. The suit was bona fide and as indicated by the petition for settlement neither side was convinced of its ultimate success. Under such circumstances, the deduction of the compromise payment by petitioner to prevent further damage to his business reputation certainly can not be said to be against public policy.

For reasons set out above we hold that the respondent erred in not allowing the deduction of $9,976.50 paid by petitioner in a compromise settlement of litigation.

The next issue is whether petitioner may deduct legal expenses in the amount of $718.77 incurred in connection with said litigation. In *Kornhauser* v. *United States*, 276 U. S. 145 (1928), the Court said:

The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (*Appeal of Backer*, 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of [the Internal Revenue Code] * * *. These rulings seem to us to be sound and the principle upon which they rest covers the present case. * * * [p. 153].

It is not uncommon for corporate officers or directors to be involved in litigation concerning their activities in such capacities, and employment of counsel is a necessarily accepted means of defending such actions. Such expenses are, therefore, both ordinary and necessary.

Since such litigation concerning an alleged breach of duty by the petitioner arose out of the petitioner's trade or business, respondent erred in disallowing the deduction of said attorneys' fees.

*Decision will be entered for the petitioner.*