UNION INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40969. Promulgated January 29, 1954.

*Edward D. Quint, Esq.*, and *Henry H. Sills, Esq.*, for the petitioner.
*Roy E. Graham, Esq.*, for the respondent.

OPINION.

OPPER, *Judge:* The salient facts of this claimed deduction are:

Petitioner's vice president, as such, signed a check on behalf of petitioner.

By reason of this act, the vice president was indicted and required to stand trial.

A bylaw of petitioner obligated it to indemnify officers for the consequence of their official acts.

Pursuant thereto petitioner defrayed the cost of the vice president's defense, the amount of which was concededly reasonable.

The vice president was acquitted.

Petitioner claimed, and respondent disallowed, the deduction of the fees paid by petitioner for the vice president's defense.

On these facts the questions are whether the payments were deductible as ordinary and necessary business expenses, *Kornhauser* v. *United States*,[1] or whether, on the contrary, their deduction should be denied as tending to frustrate a well-defined public policy. See *Commissioner* v. *Heininger.*[2] See also *Lilly* v. *Commissioner*, 343 U. S. 90.

We think that the payments were ordinary in that one accused of a crime would ordinarily be expected to defend himself and to pay the expenses so incurred, *Commissioner* v. *People's-Pittsburgh Trust Co.*, (C. A. 3) 60 F. 2d 187; and if the act involved and the disbursements made were proximately and directly connected with a taxpayer's business, as they were here, it would be logical for the payments to be considered as ordinary business expenses. *Citron-Byer Co.*, 21 B. T. A. 308; *Hal Price Headley*, 37 B. T. A. 738; *Kornhauser* v. *United States*, *supra;* cf. *Appeal of Backer*, 1 B. T. A. 214.

We think that the payments were necessarily made by petitioner both because of the general circumstances, and more particularly by reason of its indemnity agreement, an undertaking which is itself shown to have been far from extraordinary.[3] And see *Louis E. Wakelee*, 17 T. C. 745.

Whatever might otherwise have been the case, we think the vice president's acquittal adequately disproves the charge that the payments for his defense frustrated any well-defined public policy.

---

[1] 276 U. S. 145.

[2] 320 U. S. 467, 473 :
the federal courts have from time to time, however, narrowed the generally accepted meaning of the language used in Section 23 (a) in order that tax deduction consequences might not frustrate sharply defined national or state policies proscribing particular types of conduct. * * *

[3] The purpose of indemnification provisions "is to encourage capable men to serve as corporate directors, secure in the knowledge that expenses incurred by them in upholding their honesty and integrity as directors will be borne by the corporation they serve." *Mooney* v. *Willys-Overland Motors, Inc.*, (C. A. 3) 204 F. 2d 888.

It has never been thought * * * that the mere fact that an expenditure bears a remote relation to an illegal act makes it non-deductible. [*Commissioner* v. *Heininger, supra.*]

At another point in the same opinion (footnote 8) the Supreme Court comments:

A taxpayer who has been prosecuted under a federal or state statute and convicted of a crime has not been permitted a tax deduction for his attorney's fee. Estate of Thompson v. Commissioner, 21 B. T. A. 568; *Burroughs Bldg. Material Co.* v. *Commissioner, supra.* But if he has been acquitted, a deduction has been allowed. *Commissioner* v. *People's-Pittsburgh Trust Co.*, 60 F. 2d 187; cf. Citron-Byer Co. v. Commissioner, 21 B. T. A. 308; Headley v. Commissioner, 37 B. T. A. 738. Cf. *Helvering* v. *Superior Wines & Liquors, supra,* Note 3.

For the reasons stated we take the view that the deductions were improperly disallowed. See *Jerry Rossman Corp.* v. *Commissioner*, (C. A. 2) 175 F. 2d 711; *Pacific Mills*, 17 T. C. 705.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

BRUCE, *J.*, dissents.

---

WITHEY, *J.*, dissenting: Deductions from gross income are not a matter of right but are a matter of legislative grace and a taxpayer claiming a deduction must bring himself squarely within the terms of a statute granting it. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435, affirming 24 B. T. A. 886. Deductions for expenditures incurred for lobbying activities and for the promotion or defeat of legislation are outside the statutory grant relied on by the petitioner. *Textile Mills Securities Corp.* v. *Commissioner*, 314 U. S. 326. Where, as here, the taxpayer acting through its vice president makes an expenditure not shown to have been for other than lobbying activities or for the promotion or defeat of legislation and as a result incurs an additional expenditure for the defense of the vice president, the latter expenditure is so directly related to the former as to partake of its character. In the absence of a showing as to what the character of the former expenditure was, I would sustain the respondent in disallowing the latter.

RAUM, *J.*, agrees with this dissent.