UNION INVESTMENT COMPANY, a
Michigan corporation, Plaintiff,

v.

UNITED STATES of America and Albert
M. Menninger, District Director of Internal Revenue, Defendants.

Civ. A. No. 14132.

United States District Court
E. D. Michigan, S. D.

Sept. 9, 1958.

Butzel, Levin, Winston & Quint, by Henry H. Sills, Detroit, Mich., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, David R. Frazer, Attys., Dept. of Justice, Washington, D. C., Frederick W. Kaess, U. S. Atty., Elmer L. Pfeifle, Jr., Asst. U. S. Atty., Detroit, Mich., for defendant.

THORNTON, District Judge.

The matter before the Court has been submitted for decision on a stipulation of facts filed by the parties hereto, together with a number of exhibits attached. The parties have filed briefs and reply briefs setting forth their respective contentions. The stipulation of facts adequately reveals the gist of this controversy, and we set it forth in full:

"Stipulation of Facts

"It is hereby stipulated and agreed by and between the parties hereto, by their respective attorneys, that the following facts shall be taken as true for the purpose of this proceeding, reserving the right to either party to introduce other and further evidence not inconsistent with the facts herein stipulated and further reserving to either party the right to object to any fact herein stipulated on the ground that such fact is irrelevant or immaterial:

"1. Plaintiff, Union Investment Company, is a Michigan corporation which was organized on January 31, 1919, and is engaged in the business of discounting notes, negotiating loans, buying and selling real estate mortgages, lending money and through subsidiaries, manufacturing. During the years 1943 through 1945, inclusive, plaintiff operated four wholly-owned subsidiaries, namely Acro Industries, Inc., Fort Wayne Mortgage Co., Hassett Investment Corp. and Madison Machine Co.

"2. Plaintiff made an election to file consolidated returns of income for the years 1943, 1944 and 1945, and income and excess profits tax returns were duly filed for those years with the Collector of Internal Revenue for the District of Michigan. The plaintiff reported on its income tax returns the following net income and total tax liability:

| Year | Date Filed | Net Income | Income & Declared Value Excess Profits Tax |
|---|---|---|---|
| 1943 | May 13, 1944 | $463,000.95 | $181,874.45 |
| 1944 | March 15, 1945 | 258,570.82 | 108,599.75 |
| 1945 | March 15, 1945 (sic) | 144,236.10 | 60,579.16 |

"3. The consolidated net income as reported on the income tax returns was produced by combining the operational results of the plaintiff and its active affiliates in the following manner:

| | 1943 | 1944 | 1945 |
|---|---|---|---|
| Union Investment Co. | $336,232.59 | $152,109.45 | $ 58,332.94 |
| Acro Industries, Inc. | (25,123.22) | (28,855.03) | 1,389.58 |
| Fort Wayne Mortgage Co. | 182,802.68 | 111,274.23 | 75,266.49 |
| Hassett Investment Corp. | 17,053.48 | 25,529.16 | 9,774.08 |
| Madison Machine Co. | (47,964.58) | (1,486.99) | (526.99) |
| Totals | $463,000.95 | $258,570.82 | $144,236.10 |

"4. On its excess profits tax returns for the years 1943 through 1945, inclusive, the plaintiff reported the following excess profits net income and excess profits tax liability:

| Year | Date Filed | Excess Profits Net Income | Excess Profits Liability |
|---|---|---|---|
| 1943 | May 13, 1944 | $463,000.95 | $24,272.90 |
| 1944 | April 18, 1945 | 243,100.54 | None |
| 1945 | May 9, 1946 | 144,236.10 | None |

"Plaintiff subsequently filed an amended excess profits tax return for 1943 on April 20, 1945, reporting thereon an excess profits net income of $462,045.55 and an excess profits tax liability of zero. Attached hereto as Exhibit 1 is a copy of the amended return.

"5. On April 20, 1945, plaintiff filed a timely claim for refund for the calendar year 1943 in the amount of $24,272.90. Attached hereto as Exhibit 2 is a copy of the above mentioned claim for refund.

"6. Subsequently, plaintiff's returns for 1943 through 1945 were subjected to an examination by the Internal Revenue Service and certain adjustments were made to the returns as filed which resulted in a determination of deficiencies of income tax in the amounts of $15,580.91, $9,880.78 and $205.64 for the years 1943, 1944 and 1945 respectively, and an overassessment of excess profits tax in the amount of $20,679.68 for the year 1943. Plaintiff was notified of the aforementioned deficiencies in a 30-day letter dated November 18, 1949, and in a protest dated December 16, 1949, plaintiff objected to these deficiency

adjustments. Attached hereto as Exhibit 7 is a copy of the 30-day letter together with the revenue agent's report.

"7. Pursuant to a final determination in regard to plaintiff's protest, a 90-day deficiency notice dated February 20, 1952, was issued stating that the plaintiff owed deficiencies of $15,580.91, $9,880.78 and $205.64 in income taxes for the years 1943, 1944 and 1945 respectively, and that plaintiff had been overassessed $20,679.68 in excess profits tax for 1943. Attached hereto as Exhibit 3 is a copy of the deficiency notice dated February 20, 1952.

"8. On May 15, 1952, the plaintiff filed a petition with the Tax Court of the United States seeking a redetermination of the deficiencies set forth in the 90-day letter and in addition requested a positive determination of the amount of overpayment of excess profits tax for 1943. Attached hereto as Exhibit 4 is a copy of plaintiff's Tax Court petition.

"9. On July 7, 1952, the Commissioner of Internal Revenue filed with the Tax Court a motion to dismiss in part the above petition, insofar as it related to the determination of plaintiff's alleged excess profits tax overpayment for 1943 on the grounds that the Tax Court was without jurisdiction to determine an overpayment of excess profits tax under the provisions of Section 272 of the Internal Revenue Code of 1939 [26 U.S.C.A. § 272]. On October 30, 1953, the Tax Court granted the Commissioner's motion.

"10. In regard to the issues remaining in the plaintiff's petition, a hearing was held and in January 1954, the Tax Court in Union Investment Co. v. Commissioner, 21 T.C. 659, found in favor of the plaintiff. In so doing, the Tax Court directed that the decision was to be entered in accordance with Rule 50, 26 U.S.C.A. Supp. 136.

"11. Thereafter, in accordance with Rule 50, a recomputation of plaintiff's tax liability was prepared by the Commissioner of Internal Revenue and accepted by the plaintiff, which reflected plaintiff's income tax deficiencies to be $14,-538.56 and $967.56 for the years 1943 and 1944 respectively. This recomputation showed an overassessment of excess profits tax for the year 1943 in the amount of $24,-272.90. Attached hereto as Exhibit 5 is a copy of this recomputation.

"12. The Tax Court entered its order and decision for the above deficiencies for the years 1943 and 1944 on April 7, 1954. Thereupon, the Commissioner of Internal Revenue prepared a certificate of overassessment of excess profits tax for 1943 which resulted in a refund to the plaintiff of $4,002.60. This sum consisted of a net overpayment of excess profits tax in the amount of $688.78 and interest in the amount of $3,313.82. The remainder of the overpayment of $23,584.14 excess profits tax plus $1,822.88 representing interest on a potential overassessment of 1943 income tax were credited against the 1943 income tax deficiency of $16,512.99 ($14,-538.36 tax plus $1,974.63 deficiency interest); against the 1944 income tax deficiency of $1,515.02 ($967.56 tax plus $547.46 deficiency interest); and against interest of $7,378.99 on the potential deficiency of excess profits tax eliminated by carry-back. Attached hereto as Exhibit 6 is a copy of the above mentioned certificate of overassessment.

"13. On October 4, 1954, the Commissioner of Internal Revenue issued a check to the plaintiff in the amount of $4,002.60. The interest portion of this sum credited to the plaintiff was in the amount of $3,-313.82 and was calculated from

May 15, 1952, the date of the filing of plaintiff's petition in the Tax Court. The plaintiff asserts that the interest should be computed from April 20, 1945, the date a claim for refund for 1943 was filed. The dispute between the parties in regard to the proper beginning date for the payment of interest is the sole issue now in controversy in this suit.

"/s/ Fred W. Kaess
"Fred W. Kaess
"United States Attorney
"Counsel for Defendants
"by: John L. Owen,
Asst. U .S. Atty.
"/s/ Henry H. Sills
"for
"Butzel, Levin, Winston & Quint
Attorneys for Plaintiff
"Oct 9 1957"

After a review of the cases cited by both parties, of the facts as stipulated above, and of the pertinent statutory provisions and Treasury Regulations, the Court is of the opinion that the plaintiff cannot prevail. 26 U.S.C.A., 1954 cumulative Pocket Part, Section 3771(e) (Internal Revenue Code of 1939, Section 3771(e), contains this language:

"If the Commissioner determines that any part of an overpayment is attributable to the inclusion * * of any part of the unused excess profits credit for a succeeding taxable year, no interest shall be allowed or paid with respect to such part of the overpayment for any period before the filing of a claim for credit or refund of such part of the overpayment or the filing of a petition with the Tax Court, whichever is earlier. * * * "

The applicable Regulation (Treasury Regulation 111, Sec. 29.322–3) provides that a claim for refund "must set forth in detail and under oath each ground upon which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." The regulation continues as follows:

"No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed prior to the expiration of such period. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund. * * * "

In view of these controlling sections of statute and regulation, the Court is at a loss to understand how plaintiff's claim for refund filed April 20, 1945, can be construed as setting forth in detail unused excess profits credit carry-back from 1945, said credit carry-back not being ascertainable on the date of April 20, 1945.

Regardless of the meanderings, through departments and courts, of the tax matters of this plaintiff, the fact is clear that the claim for refund filed April 20, 1945, was based on a carry-back for the calendar year 1944, and it so stated. As to any claim for any year subsequent to that, not only could it not have been in existence April 20, 1945, but it was not set forth in the claim for refund. The Court is compelled to reach the conclusion that plaintiff is not entitled to the relief it seeks herein, because of non-compliance with the applicable statute and regulation.

Judgment or order may be presented accordingly.