The FIRST NATIONAL BANK OF ATLANTA and M. E. Kilpatrick, Co-Executors of the Estate of Gus T. Dodd, Deceased, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 6788.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 12, 1962.

Smith, Kilpatrick, Cody, Rogers & Mc-Clatchey, Harry Mehre, Jr., and Barry Phillips, Atlanta, Ga., for plaintiffs.

Charles D. Read, Jr., Acting U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

HOOPER, District Judge.

This is an action brought by the Executors of the Estate of Gus T. Dodd, deceased, against the Government for refund of taxes. Plaintiffs contend that a certain fee of $25,000.00 paid by deceased in his lifetime was a deductible item, the Government does not agree. After many motions and hearings in the case it finally resolved itself down into a determination of these two questions.

1—Did the fee represent part of "the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," within the purview of § 23(a) (1) (A) Internal Revenue Code of 1939, 26 U.S.C.A. § 23(a) (1) (A)?

2—Was the fee in question paid by the taxpayer alone, or should portions of it have been prorated between him and other parties defendant to the action in which the fee was incurred?

No contention is made that the fee in question was not reasonable in amount, nor were any witnesses put on the stand in behalf of the Government. Also it appears that the inferences to be drawn from the testimony in the case are fairly patent, so the case resolves itself primarily as the question of law turning upon the interpretation of the aforesaid statute.

(1) This Court is of the opinion that the deduction should be allowed, basing such finding upon two principles of law: In the first place, it seems that the taxpayer Mr. Dodd, incurred the fee by virtue of his acts and conduct prior to the year 1946 when he was an officer of a certain corporation, and also acts in which he participated subsequent to 1946 after he had resigned his office but was still actively engaged in the business of the corporation.

(2) It appears that even though the taxpayer's principal activities occurred after he held an office with the corporation, nevertheless the litigation arose out of transactions in which he participated while he was an officer and for that reason the fees would be a business expense.

The factual situation here is somewhat involved and would require a long discussion in order to picture the background. In short summary however, the following appears:

The taxpayer spent many years in organizing and developing two corporations which were joined with him as co-defendants in the action. He did not hold any office in Red Rock Cola Company (Cola Company), but he held a position of Chairman of the Board of the other, to-wit, Red Rock Company (Red Rock) until his resignation in 1946. The litigation in question arose out of contracts signed in 1938 and 1939 by these corporations with other parties who subsequently transferred the same to Red Rock Bottlers, Inc. The latter corporation brought an action against both Red Rock and Cola Company, joining Mr. Dodd and several agents and employees of the companies.

Counsel defending this action looked primarily to Mr. Dodd for the greater part of his fee, as his assets were

many times in excess of that of the two corporations, and the financial situation of the individual defendants was negligible. One of the corporations however, was charged and paid a fee of $8,000.00, the other a fee of $2,000.00. The allocation of fees was made by counsel and agreed to by defendants and paid without any controversy as to amount or allocation, and this Court finds no evidence to support the contentions of the Government that the allocation was top-heavy as against Mr. Dodd, the taxpayer.

The contention upon which the Government places the most emphasis is to the effect that Mr. Dodd after resigning as Chairman of the Board in 1946, did not then bear such a relationship to the corporations as to warrant an inference that litigation against him arising out of his acts in behalf of the corporation during that period, were a business expense on his part. There is undisputed evidence in the record that Mr. Dodd, upon resigning as Chairman of the Board, continued his active participation with the corporations, though without any title and although his pecuniary compensation consisted only of the furnishing to him of an office and a secretary whose salary was paid by the corporations. However, he came constantly to work and was in conference with the officers of the companies from time to time, and from his long experience in the business assisted them greatly with his advice. His situation was not unlike that of many a successful American business man who, having invested all of his adult life in a certain business is so attached to it that he cannot turn it aloose, and is willing to continue after retirement to engage in its activities, the amount of the salary not being a very important factor. No case has been cited to this Court however, to the effect that the extent of authority exercised by such a person, or the apparently inadequate compensation received by him, has the legal effect of converting otherwise business activities into activities of a personal nature so that necessary expenses in connection

therewith by defending litigation would lose its nature of being tax exempt.

When called upon for citation of authorities the Government cited only the case of Kornhauser v. United Sates, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505, a case upon which the plaintiffs were themselves relying and which has been cited in their briefs. This case gives little aid or comfort to the Government, for it holds:

"that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated * * * proximately resulted from, his business, the expense incurred is a business expense within the meaning of * * * the act" (see p. 153, 48 S.Ct. p. 220, containing citations to ruling of the Board of Tax Appeals).

As appears from the brief of the plaintiffs herein there are several other decisions to the same effect. See Flood v. United States, 1 Cir., 133 F.2d 173, 178; Kaufman v. Commissioner, 12 T.C. 1114; Ward v. Commissioner, 20 T.C. 332, 343; Miller v. Commissioner, 2 T.C.M. 495; Comissioner of Internal Revenue v. People's-Pittsburgh Trust Company, 3 Cir., 60 F.2d 187; Butler v. Commissioner, 17 T.C., 675; Hurt v. Commissioner, 30 B.T.A., 653; Folker v. Johnson, 2 Cir., 230 F.2d 906.

In the instant case not only was the litigation in question based upon a contract in which a taxpayer participated when made, but the litigation in question attacked the contract as being invalid at the time, though it also alleged acts of conspiracy upon the part of the defendants, most of these acts occurring after the taxpayer had resigned as Chairman of the Board, but was continuing his activities with the company as aforesaid. Therefore, the taxpayer was compelled to defend the suit in question and the fees which he was compelled to pay constituted a business expense arising out of his activities both while he was an officer of the corporation, and at a time subsequent thereto when, while not an officer

he was actually taking a very active part in the conduct of its affairs, but receiving only small compensation.

Counsel for plaintiffs may submit to this Court a Judgment in accordance herewith.