**Edward S. CROFT, Jr., and Irene Weston Croft, Plaintiffs,**

v.

**UNITED STATES of America, Defendants.**

**Civ. A. No. 8587.**

United States District Court
N. D. Georgia,
Atlanta Division.

July 24, 1964.

Hatcher, Meyerson, Oxford & Irvin, Atlanta, Ga., Stanley P. Meyerson, Atlanta, Ga., of counsel, for plaintiff.

Charles Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

Plaintiff Edward S. Croft and his wife, Irene Weston Croft, sue the United States of America for refund of income taxes, contending that a certain payment of attorneys fees made by Mr. Croft should have been allowed as a deductible business expense. Pursuant to Local Rules of Court counsel for both parties filed Proposed Findings of Fact and Conclusions of Law in connection with the motion by defendant for a Summary Judgment. Although certain allegations are made by the plaintiffs which the Government has not expressly denied, the material and controlling facts are not in issue. This Court is ruling that the attorneys fees in question are not deductible upon the theory as contended by plaintiffs, that they constitute ordinary and necessary expenses incurred in carrying on any trade or business, or incurred in the production of income, or for the conservation of property held for production of income, as provided by § 162 and § 212 of the Internal Revenue Code of 1954.

A short and incomplete statement of the facts in the case is as follows:

Mr. Croft, being engaged as an investment broker in Atlanta, was seeking to sell the residence in which he lived with Mrs. Croft, the owner of the same. At the time he was engaged in transactions with a certain Mr. Alexander, and while the two of them were transacting busi-

ness the matter of sale of the residence came up. Mr. Croft had another party interested in the purchase, but gave preference in the sale to Mr. Alexander who bought the same. Subsequently Mr. Alexander sued Mr. Croft claiming misrepresentation in the sale of the property, but lost the case. Mr. Croft incurred attorneys fees in a sum which increased his federal income taxes in the principal sum of $1,673.07 for the years 1958 and 1959.

In support of his contention that this expenditure was a business loss counsel for Mr. Croft point out in essence that the sale of the real estate arose in connection with, or was affected by the relationship between these parties as client and broker; that it would not otherwise have occurred; that plaintiff was seeking to preserve said relationship; that negotiations were made by Mr. Croft from his telephone in his office; that Mr. Alexander relied upon the representations of Mr. Croft because of the confidence "he had in Mr. Croft arising out of their broker-client relationship"; that the success of Mr. Croft in his profession is dependent upon his personal relationship with his clients and that "the gravamen of the claim brought by Mr. Alexander against Mr. Croft arose out of the business relationship of the parties." Other similar allegations are made but the above would seem to be sufficient.

Diligent counsel for plaintiff, citing a number of cases, relies in part upon the case of Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505. In that case, however, the attorneys fees were incurred in the defense of a suit by a party against the taxpayer, seeking an accounting between them as partners. Plaintiff also cites a case decided by this Court, to-wit, First National Bank of Atlanta v. United States, 202 F.Supp. 702, where it also appeared that attorneys fees expended by the taxpayer were connected with defense of an action based upon a transaction directly incident to the business of the taxpayer.

In the case of United States v. Gilmore, 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed.2d 570, it was stated that the controlling test in such cases as to whether the expenditure for attorneys fees was business expense depends upon the "origin and character of the claim," being defended by the taxpayer, and stating that such claim "must have a business origin." The Court stated that the crucial and controlling factor was "the kind of transaction out of which the obligation arose." That case involved an alimony suit against a taxpayer by his wife, and the expenditure was disallowed as a deduction upon the ground that the claim did not arise "in connection with [the taxpayer's] profit-seeking activities." See United States v. Gilmore, supra, p. 51, 83 S.Ct., p. 630.

All of the cases which this Court has been able to find and read, wherein the deduction was allowed, involve litigation against the taxpayer arising out of transactions by the taxpayer "in carrying on any trade or business" pursuant to § 162, or "ordinary and necessary expenses * * * for the production or collection of income; for the management, conservation, or maintenance of property held for the production of income", pursuant to § 212 of the Internal Revenue Code of 1954.

It does not appear that the expenditure in question was a voluntary expenditure by the taxpayer to a client in order to obtain his good will, as in the cases of entertainment; on the contrary the expenditure was made to compensate his attorney, and opposing the claim of his client against himself. The transaction which formed the basis of the litigation was not a business transaction between broker and client in connection with the broker's business, but rather a personal sale by the broker's wife to the broker's customer of non-income producing property. Arguments advanced by plaintiffs' counsel are clever and ingenious, but insufficient to show the right of these taxpayers to recover.

The Clerk of this Court will therefore enter Judgment in favor of the defendant in accordance herewith.