THOMAS A. MEERSMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meersman v. Commissioner
Docket No. 7813-91
United States Tax Court
T.C. Memo 1993-47; 1993 Tax Ct. Memo LEXIS 48; 65 T.C.M. (CCH) 1878; February 8, 1993, Filed *48 Decision will be entered under Rule 155. Thomas A. Meersman, pro se. For respondent: Kathey I. Shaw. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in Thomas A. Meersman's Federal income tax for tax year 1988 in the amount of $ 5,147, an addition to tax under section 6653(a)(1) in the amount of $ 257, and an addition to tax under section 6661 in the amount of $ 1,287. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Tigard, Oregon, when he filed his petition. After concessions by respondent, [1] the issues for decision are: (1) Whether petitioner is entitled to claim a deduction for a loss sustained on the sale of his personal residence in 1988; (2) whether petitioner is entitled to claim a deduction as an ordinary and necessary business expense for amounts paid as a *49 penalty under section 6672; (3) whether petitioner is entitled to claim Schedule C business deductions for expenses in connection with removal of Federal tax liens from his properties; and (4) whether petitioner is liable for an addition to tax for negligence. Thomas A. Meersman (petitioner) incorporated Paperworks, Inc. (Paperworks), a paper distribution company whose place of business was Cincinnati, Ohio, in 1980. Paperworks encountered financial difficulties, and *50 Paul Reichert (Reichert), another investor, was brought into the business in 1982 under an agreement that if the losses continued, Reichert would take control of Paperworks. On March 8, 1983, petitioner was advised that Reichert was going to assume control, and on March 29, 1983, petitioner resigned as president of Paperworks and relinquished his stock. Paperworks filed a petition in bankruptcy in 1983. Paperworks had collected but not paid over some of its employment taxes withheld from employee wages. Petitioner was assessed a penalty under section 6672 (sometimes referred to as the 100-percent penalty). Consequently, Federal tax liens were placed on petitioner's real estate. Petitioner made two automobile trips in connection with Paperworks' bankruptcy hearing and to deal with removal of Federal tax liens from his properties, as well as an airplane trip to Savannah, Georgia. The travel was undertaken to obtain legal advice and assistance in connection with the removal of the tax liens. In 1988, petitioner paid $ 11,608.86, in satisfaction of his 100-percent penalty. This sum consisted of $ 7,493.51, an overpayment of petitioner's 1987 Federal income tax, which was applied *51 to satisfy his 100-percent penalty liability for the quarter ending June 30, 1983, and $ 4,115.35 in the form of a certified check paid to petitioner's attorney, Thomas McNamara (McNamara), on June 14, 1988. McNamara agreed to hold the check until a certificate of discharge under section 6325(b)(2)(B) was issued by respondent to petitioner on the ground that the interest of the United States in the property had no value. McNamara was then to transfer the $ 4,115.35 to respondent for application against petitioner's liability for the 100-percent penalty. The amount of $ 4,115.35 was credited against petitioner's 100-percent penalty liability for the quarter ending June 30, 1983, on April 27, 1989. Petitioner personally guaranteed Paperworks' loans, and in 1988 he sold his real estate, including his personal residence in Georgia, to make good on the loan guarantees. Petitioner sustained a loss of $ 23,760 on the sale of this property. He reported this loss on Schedule D, Capital Gains and Losses, of his 1988 income tax return. Respondent determined that petitioner was not entitled to claim a deduction for a capital loss on the sale of his personal residence in Savannah, Georgia. *52 Petitioner presented no argument as to the deductibility of this loss. Section 1.165-9(a), Income Tax Regs., provides that a loss sustained on the sale of a personal residence is not deductible. We uphold respondent's determination on this issue. Petitioner deducted as "taxes" on Schedule C the amount of $ 11,608.86 which he had paid to satisfy the 100-percent penalty. Respondent determined that this deduction is prohibited by section 162(f). Respondent's determination is presumed to be correct. Petitioner bears the burden of proving this determination to be erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 162(a) allows deductions for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 162(f) provides: (f) FINES AND PENALTIES. -- No deduction shall be allowed under subsection (a) for any fine or similar penalty paid to a government for the violation of any law.
Section 1.162-21(b)(1)(ii), Income Tax Regs., cites as an example of "fines and penalties" "assessable penalties imposed by chapter 68", a category which includes the 100-percent *53 penalty imposed by section 6672. The section 6672 penalty is therefore not deductible as a business expense. Medeiros v. Commissioner, 77 T.C. 1255 (1981); Patton v. Commissioner, 71 T.C. 389 (1978). Petitioner deducted, as ordinary and necessary business expenses, the total amount of $ 987.88, consisting of travel expenses and legal fees in connection with the removal of Federal tax liens from his property. Respondent determined that these amounts are not deductible because petitioner was not carrying on any trade or business with respect to Paperworks in 1988. Section 162(a) allows deductions for "the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". But if the taxpayer is not carrying on any trade or business, no deduction is allowable. First National Bank of Atlanta v. United States, 202 F. Supp. 702 (N.D. Ga. 1962). There is no dispute concerning the fact that petitioner was at one time Paperworks' owner and president; however, he relinquished his interest in Paperworks in 1983 and was neither an officer, an employee, *54 nor a shareholder in 1988. Petitioner failed to establish that the expense had the requisite connection to any business of his own. Madeiros v. Commissioner, supra at 1262. Consequently, petitioner is not entitled to claim deductions for the amounts above as business expenses. The expenses are deductible, however, under section 212(3) as expenses paid or incurred during the taxable year "in connection with the determination, collection, or refund of any tax". An expense, to be deductible, must be the obligation of the taxpayer. United States v. Davis, 370 U.S. 65 (1962) (holding no deduction for payment of wife's legal expense incident to divorce settlement). Liability under section 6672 is personal to the officer or employee against whom it is asserted and is distinct from the liability for taxes owed by the employer. Bloom v. Commissioner, 272 F.2d 215, 221 (9th Cir. 1959); Smith v. Commissioner, 34 T.C. 1100, 1105 (1960), affd. without published opinion 294 F.2d 957 (5th Cir. 1961). If an expense is ordinary and necessary and relates to a taxpayer's *55 personal tax liability, a deduction under section 212(3) is allowable. Sharples v. United States, 209 Ct. Cl. 509, 533 F.2d 550 (1976). A legal expense related to a section 6672 penalty is therefore deductible as an itemized deduction under section 212. Gilboy v. Commissioner, T.C. Memo. 1978-114. We hold that petitioner's expenses in connection with the collection of his 100-percent penalty liability are deductible. Respondent determined that petitioner is liable for the additions to tax under section 6653(a)(1)(A) and (B) for negligence or intentional disregard of rules or regulations. Negligence under section 6653 means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). We find under the circumstances of this case that petitioner was negligent. The law *56 is clear that no deduction is allowable for the payment of a section 6672 penalty or a loss sustained on the sale of a personal residence. Petitioner did not act as would an ordinarily prudent person. We uphold respondent's determination on this issue. Decision will be entered under Rule 155. Footnotes
1. Respondent conceded at trial the issues of petitioner's entitlement to claim a deduction for a capital loss sustained on the sale of his former residence in Columbus, Ohio, which had been converted to a rental property. This sale gave rise to a capital loss carryforward in the amount of $ 660, which petitioner claimed as a deduction. In the stipulation of facts, respondent conceded that petitioner was not liable for the addition to tax under sec. 6661 for substantial understatement because he had made an adequate factual disclosure on his return.↩