BENJAMIN T. AND JEANNETTE M. SMITH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73234.    Filed September 23, 1960.

*John R. Himes, Esq.*, for the petitioners.
*Louis J. DeReuil, Esq.*, for the respondent.

1102

OPINION.

RAUM, *Judge:* The question propounded by petitioner is whether he is entitled to deduct, either as a "loss" under section 165(c) or as a "bad debt" under section 166, I.R.C. 1954, the amount paid by him in 1955 to discharge his asserted liability under section 2707(a), I.R.C. 1939.[1] We agree with respondent that such payment is not

---

[1] Petitioner has made no argument on brief regarding the deductibility of either the "5 per cent delinquency penalty" imposed upon him pursuant to section 3655(b), I.R.C. 1939, or the $2.25 designated as a "lien filing and release fee." Consequently, we regard petitioner as having abandoned any claim with respect to the allowance of these items. However, even if it be assumed that there has not been any abandonment and that petitioner felt that the deductibility of these items would be governed by our decision on the deductibility of the principal item, the end result as to these two items must be the same in view of the conclusion that we reach herein in respect of the principal item.

deductible, for the reason that the allowance thereof would frustrate the public policy embodied in 1939 Code provisions "proscribing particular types of conduct" on the part of persons responsible for the collection and payment of F.I.C.A., F.U.T.A, and withholding taxes. *Tank Truck Rentals* v. *Commissioner*, 356 U.S. 30, 33; *Hoover Motor Express Co.* v. *United States*, 356 U.S. 38.

The corporation of which petitioner was president incurred liability to the United States for unpaid taxes due under the F.I.C.A., F.U.T.A., and withholding provisions of the 1939 Code. The term "F.I.C.A." refers to the Federal Insurance Contributions Act incorporated in sections 1400–1432 of the 1939 Code. The term "F.U.T.A." refers to the Federal Unemployment Tax Act incorporated in sections 1600–1611 of the 1939 Code. The term "withholding" refers to the Current Tax Payment Act of 1943 incorporated in sections 1621–1627 of the 1939 Code.

Section 1400 (F.I.C.A.) provides, in substance, that a tax shall be "levied, collected and paid upon the income of every individual" equal to a percentage of the wages received by him. Sections 1401 (a) and (b) require that the "tax imposed by section 1400 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid" and that "Every employer required so to deduct the tax shall be liable for the payment of such tax * * *." Section 1410 provides that an additional tax shall be levied as an "excise tax" directly upon "Every employer, with respect to having individuals in his employ," equal to a percentage of the wages paid by him during the year. Section 1430 makes applicable to F.I.C.A. taxes "All provisions of law, including penalties, applicable with respect to any tax imposed by section 2700 * * *."

Section 1622 (withholding) requires that "Every employer making payment of wages shall deduct and withhold upon such wages a tax" equal to a percentage of the wages paid. Section 1623 provides that "The employer shall be liable for the payment of the tax required to be deducted and withheld under this subchapter * * *." Section 1627 makes applicable to withholding taxes "All provisions of law, including penalties, applicable to the tax imposed by section 1400 * * *."

Section 1600 (F.U.T.A.) provides that "Every employer shall pay * * * an excise tax, with respect to having individuals in his employ," equal to a percentage of the total wages paid by him during the year. Section 1610 makes applicable to F.U.T.A. taxes "All provisions of law (including penalties) applicable in respect of the taxes imposed by section 2700 * * *."

Section 2707(a) of the 1939 Code, as amplified by subsection (d), formed the basis for the liability which petitioner seeks to deduct, and is among those "provisions of law, including penalties" which are

made applicable to F.I.C.A., F.U.T.A., and withholding taxes by sections 1430, 1610, and 1627, respectively. Section 2707 in its entirety provides as follows:

SEC. 2707. PENALTIES.

(a) Any person who willfully fails to pay, collect, or truthfully account for and pay over the tax imposed by section 2700(a), or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax evaded, or not paid, collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected. No penalty shall be assessed under this subsection for any offense for which a penalty may be assessed under authority of section 3612.

(b) Any person required under this subchapter to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this subchapter who willfully fails to pay such tax, make such returns, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution.

(c) Any person required under this subchapter to collect, account for and pay over any tax imposed by this subchapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this subchapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution.

(d) The term "person" as used in this section includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

Petitioner concedes that sections 2707(b) and (c) impose "true" sanctions or penalties on a responsible officer for noncompliance with F.I.C.A., F.U.T.A., and withholding provisions. He argues, however, that section 2707(a) is distinguishable from its companion sections on the ground that it is "remedial" rather than "punitive" in purpose. It is petitioner's position that although the word "penalty" is used in section 2707(a) to describe the liability imposed therein, such liability is "in reality * * * only for the tax which should have been paid by the corporation." We disagree.

It is true, as petitioner points out, that there is no magic in labels, and that the use of the word "penalty" in section 2707(a) is not conclusive of statutory purpose. *Jerry Rossman Corporation* v. *Commissioner*, 175 F. 2d 711 (C.A. 2); *National Brass Works, Inc.* v. *Commissioner*, 182 F. 2d 526; *Henry Watterson Hotel Co.*, 15 T.C. 902. But it is equally clear that Congress, in making section 2707(a) applicable to F.I.C.A., F.U.T.A., and withholding taxes, intended it

primarily as a deterrent which, "in addition to other penalties provided by law," would discourage those "persons" charged with paying, collecting, or truthfully accounting for and paying over such taxes from failing to carry out their responsibilities. The language of sections 2707(a) and (d), wholly apart from the use of the word "penalty," [2] bespeaks this intent. Thus, the assessment of liability under section 2707(a) is not an automatic administrative action where an employer fails to pay its taxes. To the contrary, liability is imposed only in those instances where there is a *willful* failure to act by the particular officer, employee, or partner charged with the duty to act, or where such person "*willfully* attempts in any manner to *evade or defeat* any such tax or the payment thereof" (Emphasis supplied). Cf. *Jerry Rossman Corporation* v. *Commissioner, supra.* Such willful failure to act, or attempt to evade or defeat the tax, is referred to in section 2707(d) as a "violation" of the statute. Clearly, this language proscribes "particular types of conduct" and connotes an intention to punish the willful violator rather than merely to collect the tax which should have been paid by the employer. Cf. *David R. Faulk*, 26 T.C. 948. Additional confirmation of this statutory purpose is found in the following comment of the Senate Finance Committee, S. Rept. No. 398, 68th Cong., 1st Sess., pp. 45–46 (1924), accompanying section 1017(d) of the Revenue Act of 1924 from which section 2707(a) was derived:

This subdivision corresponds to section 1017(b) of the House bill, except that * * * *the penalty attaches to the willful failure to perform the required acts*, rather than to a willful refusal, and a willful attempt to evade or defeat the tax or its payment has been specifically added to the *list of offenses.* [Emphasis supplied.]

Moreover, the liability imposed by section 2707(a) is personal to the officer, employee, or partner against whom it is asserted and is wholly distinct from, rather than substitutional for, the liability for taxes owed by the employer. *Bloom* v. *United States*, 272 F. 2d 215 (C.A. 9). This point was clearly illustrated in *Kellems* v. *United States*, 97 F. Supp. 681 (D. Conn.), where personal liability under section 2707(a) was successfully asserted against the partners in a certain enterprise, for their willful failure to withhold taxes from wages paid to employees, even though the employees themselves had paid the taxes which should have been withheld. Similarly, in the instant case, personal liability under section 2707(a) could have been

---

[2] In *United States* v. *Jaffray*, 97 F. 2d 488, 494 (C.A. 8), affirmed sub nom. *United States* v. *Bertelsen & Peterson Engineering Co.*, 306 U.S. 276, disallowing the deduction as an ordinary and necessary business expense of a 5 per cent negligence "penalty" imposed under section 250(b), Revenue Act of 1918, the Court of Appeals quoted the following statement: "The term 'penalty' involves the idea of punishment, and its character is not changed by the mode in which it is inflicted, whether by a civil action or a criminal prosecution." *United States* v. *Chouteau*, 102 U.S. 603.

asserted against petitioner for his willful failure to "truthfully account for and pay over" the taxes when due, even if those taxes were subsequently paid by the corporation in satisfaction of its own liability therefor.

To permit a taxpayer to deduct a personal liability which specifically attaches to his willful violation of the F.I.C.A., F.U.T.A., and withholding provisions of the 1939 Code would undoubtedly undermine the effectiveness of those provisions.[3] Such allowance would in effect reduce the amount of that liability by the amount of the tax benefit resulting from the deduction. To that extent, the impact of section 2707(a) as a deterrent would be softened, and violations of statutory duty would be encouraged. Indeed, it would produce the incongruous result of reducing the net sanction to a progressively smaller amount as the income of the wrongdoer rises to higher levels. It is difficult to believe that Congress could ever have intended any such anomalous consequences.

The case of *In re Haynes*, 88 F. Supp. 379 (D. Kan.), cited by petitioner, dealt solely with the collectibility of the liability imposed by section 2707(a) against the estate of a bankrupt under section 93, sub. (j) of the Bankruptcy Act, 11 U.S.C. It did not at all concern the question of deductibility for Federal income tax purposes, nor did the District Court have any occasion to consider the effect that

---

[3] Congress' continuing concern with the enforcement of the collection and withholding requirements of the revenue laws is evidenced by its enactment in 1958 of Public Law 85–321, sec. 2, 85th Cong., 2d Sess., which added sections 7512 and 7215 to the Internal Revenue Code of 1954. Where a responsible person fails to collect or pay over withholding taxes, or F.I.C.A. taxes collected by means of deduction from wages, section 7512 empowers the Commission to issue a notice requiring that future collections of such taxes be deposited in a special trust account for the United States until they are paid over. Failure to comply with such notice is punishable as a crime. Sec. 7215. Significantly, section 7215 does not require proof of "willfulness" before it applies. As stated in the accompanying report of the Senate Finance Committee, S. Rept. No. 1182, 85th Cong., 2d Sess. (1958) :

This bill is designed to secure greater compliance with present law on the part of employers and others in paying over to the Government trust fund moneys withheld from employees, or collected from customers. * * *

Although the great majority of employers fully comply with the withholding and collection requirements of the internal-revenue laws, the Government has been faced with the problem of a relatively few employers and collection agents who fail to collect and pay over trust-fund moneys representing withheld income and social security taxes and excise taxes on facilities and services. As of December 31, 1956, the delinquent withheld income and social-security taxes alone amounted to $279 million. * * *

Present law in section 6672 [section 2707(a) of the 1939 Code] provides a civil penalty of 100 percent for any person who willfully fails to collect or truthfully account for and pay over an internal-revenue tax for which he is responsible. However, this civil penalty is ineffective where the employer has lost the employees' funds in a business venture or where he did not have them in the first place. * * *

A criminal penalty is also provided by section 7202 of present law [section 2707(c) of the 1939 Code]. * * * This criminal penalty also has proved to be of limited usefulness because of the difficulty of proving willfulness, which to a lesser extent has also been a problem in the case of the civil penalty. * * *

It is anticipated that the passage of this bill will substantially improve revenue collections, but the extent of this improvement is difficult to forecast in advance of experience under these provisions.

such deductibility would have upon the proper administration of the revenue laws. Consequently, we do not regard that case as being in point here. In *Peter Stamos*, 22 T.C. 885, also relied upon by petitioner, the taxpayer paid admissions, withholding, and F.I.C.A. taxes owed by a corporation of which he was a shareholder, director, and officer. This Court's holding, that the taxpayer's payments were deductible as "nonbusiness losses" within section 23(e)(2), I.R.C. 1939, was based solely upon its conclusions that the taxpayer had not acted "as a mere volunteer" in paying the corporation's taxes and that his payments constituted losses incurred in a transaction entered into for profit. No assessment had been made against the taxpayer personally for the liability imposed by section 2707(a) and the Court did not examine or pass upon the issue relating to frustration of well-defined public policy which we regard as determinative herein.

For the reasons set forth above,

*Decision will be entered for the respondent.*