Wallace L. Kolberg and Grace Kolberg v. Commissioner.
Kolberg v. Commissioner
Docket No. 94741.
United States Tax Court
T.C. Memo 1965-171; 1965 Tax Ct. Memo LEXIS 160; 24 T.C.M. (CCH) 913; T.C.M. (RIA) 65171; June 25, 1965
William McRae, 742 First National Bldg., Phoenix, Ariz., for the petitioners. David R. Brennan, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioners' 1957 income tax in the amount of $1,697.17. All of the facts have been stipulated and they are found accordingly. Petitioners Wallace L. and Grace Kolberg are husband and wife. During the years in issue they resided at 537 West Kaler Drive, Phoenix, Arizona. They filed their 1957 Federal income tax return with the district director of internal revenue, Phoenix, Arizona. During 1954 and for many *161 years prior thereto, petitioners Wallace L. and Grace Kolberg were the president and secretary, respectively, and the principal stockholders of the Arizona Laundry Company, an Arizona corporation. During the calendar years 1953 and 1954, the Arizona Laundry Company failed to pay certain income tax withholding payments imposed under the provisions of section 1622 of the Internal Revenue Code of 1939 and certain Federal Insurance Contributions Act taxes imposed under the provisions of section 1400 of the Internal Revenue Code of 1939. The aggregate amount of such taxes not paid amounted to $26,999.10. During the years 1953 and 1954, Arizona Laundry Company reported its income on its Federal income tax returns on the accrual basis. At the end of 1954 the Arizona Laundry Company ceased doing business and was rendered insolvent. Its liability to the Internal Revenue Service for the $26,999.10 was not paid or otherwise satisfied. On their 1955 Federal income tax return, the petitioners claimed a loss upon the termination of business by Arizona Laundry Company in the amount of $6,536.26. Pursuant to the provisions of section 6672 of the Internal Revenue Code of 1954, *162 the $26,999.10 was assessed against petitioner Wallace L. Kolberg as the responsible officer of the Arizona Laundry Company. On June 23, 1955, petitioner Wallace L. Kolberg filed a claim for abatement of such assessment and, on May 18, 1956 the district director of internal revenue, Phoenix, Arizona, notified petitioner that his claim for abatement had been rejected. During 1957, upon demand by the Internal Revenue Service for payment and upon advice of counsel, the amount of $30,923.70 consisting of the $26,999.10, plus accrued interest in the amount of $3,924.60, was paid to the Internal Revenue Service by petitioner Wallace L. Kolberg. The entire amount was claimed by petitioners as a deduction on their Federal income tax return for 1957. Thereafter petitioners filed a claim for refund of the tax and interest paid. The claim was rejected by the Internal Revenue Service and petitioners sought recovery of the payment in a suit against the United States instituted in the United States District Court, for the District of Arizona, Civil No. 3806. The case was decided adversely to petitioners and the decision became final in 1964. In the notice of deficiency mailed to the petitioners, *163 the respondent disallowed the claimed deduction of $26,999.10 but allowed as a deduction the $3,924.60 paid as interest. Respondent was right in disallowing the claimed deduction. Section 6672, Internal Revenue Code of 1954, imposes a "penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over * * *" against the person who is required to collect, account for and pay over the tax and wilfully fails to do so or in any manner wilfully attempts to evade or defeat such tax or the payment thereof. Here it is stipulated the assessment of $26,999.10 which Kolberg paid was the penalty assessed under section 6672, Internal Revenue Code of 1954. We recently had occasion to determine the same issue as is here presented in Benjamin T. Smith, 34 T.C. 1100, affd. 294 F. 2d 957. There the income taxes withheld from corporate employees and F.I.C.A. (Federal Insurance Contributions Act) taxes were not paid to the United States and petitioners, the responsible corporate officers, were assessed with the penalty under section 2707(a), Internal Revenue Code of 1939, the predecessor *164 of and almost identical to section 6672 in the 1954 Code. In the Smith case we held the penalty is not deductible for the reason that "the allowance thereof would frustrate the public policy" embodied in such legislation. This case is ruled by what we said and concluded in Benjamin T. Smith, supra. Since other adjustments were not contested. Decision will be entered for the respondent.