JAMES W. PATTON AND HELEN PATTON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8757–77.    Filed December 20, 1978.

*Stanley R. Kirk,* for the petitioners.
*Joseph C. Hollywood* and *William D. Brackett,* for the respondent.

OPINION

TIETJENS, *Judge:* Respondent determined a deficiency of $680.95 in petitioners' Federal income tax for 1974. The issue is whether an amount paid as a penalty under section 6672, I.R.C. 1954,[1] may be deducted as an employee business expense under section 162.

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference.

Petitioners James W. Patton and Helen Patton resided in Detroit, Mich., when they filed their petition. They filed their joint Federal income tax return for 1974 with the Internal Revenue Service Center in Cincinnati, Ohio.

On December 18, 1972, respondent assessed the amount of $76,632.44 against petitioner James W. Patton. The assessment was made pursuant to section 6672. It was the result of a finding

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise stated.

that petitioner was the responsible officer of a corporation, Olivia Extended Care Facility, that had failed to pay over withholding taxes and FICA taxes withheld from employee wages.

During 1974, petitioner-husband paid $1,958 of that assessment. On their 1974 return, petitioners deducted that amount as an employee business expense. Respondent disallowed the deduction in full because it is a penalty imposed under section 6672 and thus is disallowed as a deduction by section 162(f).

Petitioners contend that the penalty imposed by section 6672 is not a fine or penalty within the meaning of section 162(f). They instead argue that because of petitioner-husband's employment relationship, he has merely paid the tax liability of another taxpayer, his corporate employer, and that "there is no authority to hold that a taxpayer who is required to pay the employment tax liability of a corporation is in fact paying a fine or penalty."

Section 162(a) allows deductions for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 162(f), however, provides:

(f) FINES AND PENALTIES.—No deduction shall be allowed under subsection (a) for any fine or similar penalty paid to a government for the violation of any law.

The regulations define a fine or similar penalty to include any amount paid as an assessable penalty imposed by chapter 68 of the Internal Revenue Code of 1954. Sec. 1.162–21(b)(1)(ii), Income Tax Regs.

Section 6672 is found in chapter 68. Under the regulations, the "penalty" imposed by that section clearly is a "penalty" for purposes of section 162(f). Petitioner does not challenge the validity of those regulations, and given their unequivocal wording, we can conclude only that the assessment paid by petitioner-husband is nondeductible. See also *Uhlenbrock v. Commissioner*, 67 T.C. 818 (1977); *May v. Commissioner*, 65 T.C. 1114 (1976); *Smith v. Commissioner*, 34 T.C. 1100 (1960), affd. per curiam 294 F.2d 957 (5th Cir. 1961).

We note the decision of the Supreme Court in *United States v. Sotelo*, 436 U.S. 268 (1978), rendered after the present case was submitted to this Court. While *Sotelo* dealt with the meaning of the word "penalty" in the context of debts dischargeable in bankruptcy, it obviously can have no controlling effect upon the meaning of "penalty" in section 162(f) which is directed to an

entirely different problem. Cf. *Smith v. Commissioner*, 34 T.C. 1100, 1106–1107, affd. per curiam 294 F.2d 957 (5th Cir. 1961).[2]

Because of our holding under section 162(f), we need not decide whether the expenditure would otherwise be deductible under section 162(a).

*Decision will be entered for the respondent.*

—————
[2]"To permit a taxpayer to deduct a personal liability which specifically attaches to his willful violation of the F.I.C.A., F.U.T.A., and withholding provisions of the 1939 Code would undoubtedly undermine the effectiveness of those provisions. Such allowance would in effect reduce the amount of that liability by the amount of the tax benefit resulting from the deduction. To that extent, the impact of sec. 2707(a) as a deterrent would be softened, and violations of statutory duty would be encouraged. Indeed, it would produce the incongruous result of reducing the net sanction to a progressively smaller amount as the income of the wrongdoer rises to higher levels. It is difficult to believe that Congress could ever have intended any such anomalous consequences. [34 T.C. at 1106; fn. ref. omitted.]"