ESTATE OF WARD W. BLAZZARD, DECEASED, LOUELLA C. BLAZZARD, PERSONAL REPRESENTATIVE, AND LOUELLA C. BLAZZARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Blazzard v. Comm'r
Docket No. 31002-88
United States Tax Court
T.C. Memo 1991-296; 1991 Tax Ct. Memo LEXIS 342; 62 T.C.M. (CCH) 54; T.C.M. (RIA) 91296; July 3, 1991, Filed *342 Decision will be entered under Rule 155. Michael M. Thomas, for the petitioners. James B. Ausenbaugh, for the respondent. SWIFT, Judge. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 13,547 in petitioners' 1985 joint Federal income tax liability. After settlement of some issues, the issue for decision relates to the deductibility as a business bad debt of a "100-percent penalty" decedent Ward W. Blazzard paid in 1985 with respect to unpaid employment taxes of a closely held corporation in which decedent had an interest. FINDINGS OF FACT Some of the relevant facts have been stipulated and are so found. Petitioners resided in Kamas, Utah, when their petition was filed in this case. In the fall of 1980, decedent along with Paul Green, Arthur Packer Condie, and Leo H. Crofts formed Ashley Valley Lumber Co., Inc. (AV Lumber), as a Utah corporation for the purpose of engaging in the business of logging and rough milling. Each individual owned 25 percent of the stock of AV Lumber. Each individual became an officer of AV Lumber, and each guaranteed the corporate debt of AV Lumber. At different times throughout 1981 and 1982, decedent *343 was the president, vice president, logging manager, and a director of AV Lumber. Neither decedent nor Arthur Packer Condie, however, received a wage or salary from AV Lumber, nor did decedent or Arthur Packer Condie devote a significant amount of time to the business of AV Lumber. Paul Green and Leo H. Crofts were full-time employees of AV Lumber, and each received a salary or wage from AV Lumber. On August 13, 1982, AV Lumber filed a Chapter 11 bankruptcy petition. On December 31, 1984, AV Lumber ceased doing business and was dissolved by the State of Utah. Throughout 1982, 1983, and 1984, AV Lumber had a negative net worth. On November 2, 1983, respondent proposed making 100-percent penalty assessments under section 6672[1] against decedent and Leo H. Crofts with respect to the trust-fund portion of the unpaid employment taxes of AV Lumber for the four calendar quarters of 1981 and for the first and second calendar quarters of 1982. *344 On November 2, 1983, respondent assessed against Paul Green a 100-percent penalty with respect to the trust fund portion of the unpaid employment taxes of AV Lumber for the third and fourth calendar quarters of 1982 and for the first and second calendar quarters of 1983. On February 7, 1984, respondent assessed against decedent a 100-percent penalty of $ 45,610 with respect to the trust-fund portion of the unpaid employment taxes of AV Lumber for the four calendar quarters of 1981 and for the first and second calendar quarters of 1982. On March 4, 1985, decedent paid respondent $ 45,610 with respect to the unpaid employment taxes of AV Lumber that were assessed against him and interest thereon of $ 1,602. Although one was initially proposed, no actual assessment was made against Leo H. Crofts with respect to any of the unpaid employment taxes of AV Lumber, nor was any assessment with respect thereto made against Arthur Packer Condie. Neither decedent nor Paul Green contested in Federal district court respondent's assessments against them with respect to the unpaid trust-fund employment taxes of AV Lumber. On petitioners' 1985 joint Federal income tax return, decedent and his *345 wife deducted as a bad debt deduction the $ 45,610 decedent paid to respondent with respect to the unpaid trust-fund employment taxes of AV Lumber. Respondent disallowed this deduction. OPINION Petitioners concede that any right of reimbursement decedent may have had against AV Lumber arising out of decedent's payment of the 100-percent penalty assessment would not give rise to a bad debt deduction under section 166. Rather, petitioners now contend that they are entitled to a bad debt deduction under section 166 for three-quarters (i.e., for $ 34,208) of the $ 45,610 decedent paid. Petitioners' contention is based on the theory that decedent had a right of contribution against the other three shareholders of AV Lumber for three-quarters of the $ 45,610 decedent paid to respondent, that decedent received no contribution from the other shareholders with respect thereto, and that decedent's right of contribution from the other shareholders is now worthless. Among other things, respondent contends that the Court has no jurisdiction to determine whether the other shareholders of AV Lumber were "responsible officers" under section 6672, and therefore that we cannot determine whether *346 decedent had any right of contribution from the other shareholders. At the least, to conclude herein that decedent had a right of reimbursement against the other shareholders of AV Lumber for any portion of the 100-percent penalty taxes decedent paid, a contract would have had to exist to that effect between decedent and the other shareholders, or a determination would have had to have been made by respondent or by a court of law that some or all of the other shareholders of AV Lumber were responsible officers of AV Lumber under section 6672 for the same calendar quarters for which decedent was determined by respondent to be a responsible officer. On the evidence before us, it appears that no contract existed among the shareholders of AV Lumber that they would share in the payment of any unpaid employment taxes of the corporation. Further, respondent did not determine that any of the shareholders of AV Lumber, other than decedent, were responsible officers with respect to the 1981 calendar quarters or the first two 1982 calendar quarters of AV Lumber. At this point and in this proceeding, we have no jurisdiction to make a finding as to whether any of the other shareholders were *347 responsible officers under section 6672 with respect to unpaid trust-fund employment taxes of AV Lumber. Medeiros v. Commissioner, 77 T.C. 1255 (1981). Section 162(f) precludes the allowance of an ordinary business expense deduction under section 162 with respect to payments made by a responsible officer under section 6672. Arrigoni v. Commissioner, 73 T.C. 792, 800-801 n.9 (1980); Patton v. Commissioner, 71 T.C. 389, 390-391 (1978). Further, court decisions generally hold that bad debt deductions under section 166 are not allowed with respect to the failure to obtain reimbursements from other shareholders or corporate officers for payments made by taxpayers as responsible officers under section 6672. Arrigoni v. Commissioner, supra at 801 n.9; Smith v. Commissioner, 34 T.C. 1100, 1102-1107 (1960), affd. per curiam 294 F.2d 957 (5th Cir. 1961), involving the predecessor statute to section 6672. To the extent First National Bank of Duncanville v. United States, 481 F. Supp. 633 (N.D. Tex. 1979), holds to the contrary, we disagree with that *348 decision. Also, the district court in First National Bank of Duncanville v. United States, supra, expressly limited its holding to the situation where a contractual arrangement existed between the debtor business and the responsible officer that gave rise to a debtor-creditor relationship encompassing the trust-fund employment taxes paid by the responsible officer. See First National Bank of Duncanville v. United States, supra at 637-638. As we have explained in a number of cases, the liability of a responsible officer under section 6672 for unpaid employment taxes of a business is personal to the individual against whom the liability is asserted, and the liability under section 6672 is wholly distinct from, rather than substitutional for, the liability owed by the corporation. Arrigoni v. Commisisoner, supra at 800. The liability of each responsible officer under section 6672 is also joint and several. Sinder v. United States, 655 F.2d 729, 732 (6th Cir. 1981); Brown v. United States, 591 F.2d 1136, 1142 (5th Cir. 1979). In Rude v. Commissioner, 48 T.C. 165 (1967), *349 the taxpayer argued that she had a right of contribution from her spouse because she paid more than her one-half share of their joint Federal income tax liability and that her failure to receive a contribution from her spouse gave rise to a bad debt deduction. Noting that the taxpayer was jointly and severally liable for the entire Federal income tax liability, the Court held -- In our judgment * * * [the taxpayer] is not entitled to a deduction [for a bad debt based on her spouse's failure to pay his share] which would, either directly or indirectly, reduce the * * * taxes which she clearly owes. [Rude v. Commissioner, supra at 175.]
To the same effect, see Globe Products Corp. v. Commissioner, 72 T.C. 609 (1979); Smith v. Commissioner, 34 T.C. 1100 (1960), affd. per curiam 294 F.2d 957 (5th Cir. 1961). Under Utah statutory law, contribution may be available among joint tortfeasors, see Utah Code Ann. sec. 78-27-39 (1953), but a common liability among the alleged tortfeasors must first be established. Here, only decedent was determined to be a responsible officer under section 6672 for *350 the amounts and with respect to the calendar quarters that are relevant to this case. Petitioners argue that respondent's initial proposal to treat some of the other shareholders of AV Lumber as responsible officers for 1981 and for the first two calendar quarters of 1982 establishes that the other shareholders of AV Lumber had a liability therefore common with decedent. We disagree. Respondent's "proposal" to assess is just that and by itself does not establish the liability of anyone. Petitioners rely on Swift v. Levesque, 614 F. Supp. 172 (D. Conn. 1985); Esstman v. Boyd, 605 S.W.2d 237 (Tenn. Ct. App. 1979); and Motter v. Wallace, 72 F.2d 678 (10th Cir. 1934), in which a responsible officer was held to be entitled to reimbursement from other responsible officers. Those cases, however, are distinguishable on the ground, among others, that the liability of the other individuals as responsible officers under section 6672 had already been established. For the reasons discussed, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect for the year in issue.↩