JOHN R. DUNCAN AND JOYCE A. DUNCAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duncan v. Commissioner
Docket No. 16266-91
United States Tax Court
T.C. Memo 1993-370; 1993 Tax Ct. Memo LEXIS 381; 66 T.C.M. (CCH) 420; T.C.M. (RIA) 93370; August 19, 1993, Filed *381 Decision will be entered under Rule 155. For petitioners: Gary R. DeFrang, Joseph M. Wetzel, and Russell A. Sandor. For respondent: Shirley M. Francis. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined a deficiency in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)
Sec. 6661 1988
$ 112,682
$ 5,634.10
$ 28,170.50
The issues for decision are: (1) Whether petitioners are allowed to deduct amounts paid for Federal withholding tax liability under section 6672, [1] legal and accounting expenses related to liability under section 6672, and Oregon State withholding taxes and penalties; and (2) whether petitioners are liable for the addition to tax under section 6661. [2]
*382 This case was submitted fully stipulated. The stipulation of facts, supplemental stipulation of facts, and attached exhibits are incorporated herein by this reference. Petitioners resided in Portland, Oregon, when they filed their petition. Petitioner John Duncan (Mr. Duncan) formed American Business Communications, Inc. (ABC), on July 30, 1976, by transferring the assets of his telephone communications systems installation business. Mr. Duncan formed ABC with the intent, purpose, and expectation of realizing gain and profit from increased stock value and compensation for services. Petitioners held 100 percent of the stock of ABC at all times relevant to this case. In August 1982, ABC purchased the stock of Cascade Telecommunications, Inc. (Cascade), which was operated as a wholly owned subsidiary of ABC until it terminated business in 1988. At all times relevant to this case, Mr. Duncan was the principal officer, director, and shareholder of ABC, and the principal officer and director of Cascade. He devoted his full time and efforts to the business affairs of ABC and Cascade and his responsibilities as an employee, officer, and director of those corporations. In 1987 or *383 early 1988, Mr. Duncan was informed by respondent's Collection Division that ABC and Cascade had not made the proper deposits of withholding taxes. In early 1988, ABC and Cascade ceased business operations because of financial problems resulting from market conditions and a failure to adjust to those conditions. Both ABC and Cascade were insolvent when they ceased operations. Petitioners reported a long-term capital loss of $ 20,000 for worthlessness of their ABC stock on their 1987 Federal income tax return. Although ABC had no marketable value at that time, Mr. Duncan believed that because of ABC's reputation in the business community and because of the business contacts he had made for the company, it had an intrinsic value that could be developed into a profitable business. Neither ABC nor Cascade has engaged in business or any other activity since termination in early 1988. During 1988, respondent assessed a penalty against Mr. Duncan under section 6672 in the amount of $ 267,669. Mr. Duncan paid this amount in 1988. Mr. Duncan also paid $ 34,965 in FICA and withholding taxes during 1988 under threat of a section 6672 assessment. He paid $ 8,885 in legal and accounting *384 fees related to the section 6672 assessment and $ 36,006 in legal and accounting fees attributable to corporate operations in 1988 as well. The Oregon Department of Revenue (ODR) concluded that Mr. Duncan was a responsible officer or employee of ABC and Cascade, and based on Or. Rev. Stat. sections 316.162 and 316.167 (1991), ODR determined that Mr. Duncan was personally liable for unpaid State withholding taxes of the corporations. Pursuant to that determination, Mr. Duncan paid $ 54,728.09 in withholding taxes and $ 7,790.98 in penalties to the State of Oregon in 1988. On their 1988 Federal income tax return, petitioners deducted $ 437,631 as a nonbusiness bad debt. Included in this amount were all the above expenses, as well as various others. Respondent allowed the following components of the deduction: (1) $ 36,006 representing legal and accounting fees attributable to corporate operations; (2) $ 4,912 in corporate expenses attributable to corporate creditors; and (3) $ 123 in inventory costs. The rest of the deduction, including the remainder of the expenses described above, was disallowed by respondent. Section 6672 Payment
Section 6672(a) imposes a penalty upon *385 any person "required to collect, truthfully account for, and pay over any tax imposed by * * * [the Internal Revenue Code] who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof". The penalty is equal to the total amount of the tax evaded, not collected, or not accounted for and paid over. Sec. 6672(a). Petitioners argue that Mr. Duncan's section 6672 payment is deductible under section 165 as a loss incurred in a trade or business, [3] or alternatively, that it gives rise to a business or nonbusiness bad debt deductible under section 166. Similar arguments were rejected by this Court in Smith v. Commissioner, 34 T.C. 1100 (1960), affd. per curiam 294 F.2d 957 (5th Cir. 1961), with regard to a predecessor of section 6672 under the 1939 Code. In Smith, this Court held that allowing a deduction for such payments under sections 165 or 166 would violate a public policy against "violations of statutory duty". Id. at 1106. "Such allowance would in effect reduce the *386 amount of * * * [the taxpayer's] liability by the amount of the tax benefit resulting from the deduction." Id.
Since the decision in Smith, this Court has consistently held that a payment under section 6672, or its predecessor, is not deductible under section 165 or 162 because such a payment constitutes a penalty, which is nondeductible for public policy reasons. See Medeiros v. Commissioner, 77 T.C. 1255, 1261-1262 (1981) (not deductible under *387 section 165(c)(1)); Conley v. Commissioner, T.C. Memo. 1977-406 (not deductible under sections 212, 165, or 162); Hudlow v. Commissioner, T.C. Memo. 1971-218 (not deductible under sections 165(c)(2) or 162); Patton v. Commissioner, 71 T.C. 389 (1978) (not deductible under section 162); Meersman v. Commissioner, T.C. Memo. 1993-47 (same); Misbin v. Commissioner, T.C. Memo. 1985-285 (same; not deductible as bad-debt loss under section 166); Snedeker v. Commissioner, T.C. Memo. 1983-675 (same); Reid v. Commissioner, T.C. Memo. 1981-677 (same); Kolberg v. Commissioner, T.C. Memo. 1965-171 (not deductible, relying on Smith); Brecher v. Commissioner, T.C. Memo. 1962-154 (same). We have also consistently held that such payments are not deductible as bad-debt losses under section 166, either for public policy reasons, as in Smith v. Commissioner, supra, or because the taxpayer *388 could not establish evidence of indebtedness. In addition to cases cited above, see Arrigoni v. Commissioner, 73 T.C. 792, 801 n.9 (1980) (not deductible as bad-debt loss; noting that section 162(f) precludes deduction as ordinary business expense); [4]Estate of Blazzard v. Commissioner, T.C. Memo. 1991-296 (following Arrigoni); Baker v. Commissioner, T.C. Memo. 1981-137 (no evidence of indebtedness established). But see First Natl. Bank v. United States, 481 F. Supp. 633, 637-638 (N.D. Tex. 1979) (allowing creditor bank's deduction of section 6672 payment on behalf of debtor as bad debt). *389 The public policy implicated in these cases is generally the one "embodied in * * * Code provisions 'proscribing particular types of conduct' on the part of persons responsible for the collection and payment of F.I.C.A., F.U.T.A., and withholding taxes." Smith v. Commissioner, 34 T.C. at 1103 (citing Tank Truck Rentals v. Commissioner, 356 U.S. 30, 33 (1958); Hoover Express Co. v. United States, 356 U.S. 38 (1958)). [5] "To allow the deduction sought here would but encourage continued violations" of the withholding provisions "by increasing the odds in favor of noncompliance." See Tank Truck Rentals v. Commissioner, supra at 35; see also Hudlow v. Commissioner, T.C. Memo. 1971-218, discussed infra note 10. *390 Petitioners attempt to distinguish their case by arguing that respondent's application of section 6672 to them was for compensatory rather than punitive purposes. In support of their position, petitioners refer us to respondent's Policy Statement P-5-60, [6] *391 which states that respondent will use section 6672 "only as a collection device" and that "The withheld income and employment taxes or collected excise taxes will be collected only once". [7] Petitioners state that this Court was not asked to consider Policy Statement P-5-60 in any of its previous cases. Such consideration, according to petitioners, mandates a conclusion that section 6672 is a collection provision, rather than a penalty, and that, therefore, no public policy prevents a deduction under sections 165 or 166. A similar argument was made in Tank Truck Rentals v. Commissioner, 356 U.S. at 36, in which an owner of tank trucks attempted to deduct fines imposed for maximum weight violations. The taxpayer argued that the fines imposed were not penalties, "but merely a revenue toll." Id. The Supreme Court noted that: It is true that the Pennsylvania statute provides for purchase of a single-trip permit by an over-weighted trucker; that its provision for forcing removal of the excess weight at the discretion of the police authorities apparently was never enforced; and that the fines were devoted by statute to road repair within the municipality or township where the trucker was apprehended. * * * [Id.]
The Court held, however, that "These considerations * * * do not change the fact that the truckers *392 were fined by the State as a penal measure when and if they were apprehended by the police." Id.
We disagree with petitioners' assertions that the policy statement "is dispositive of the reason for imposition of the penalty" and that "Characterization of the payment as compensatory in Policy Statement P-5-60 and by respondent's representations and actions must be given effect." While the policy statement dates back only to 1984, the practice of collecting the unpaid tax only once had been in existence for some time prior to that. See United States v. Sotelo, 436 U.S. 268, 279-280 n.12 (1978) (quoting Opinion of the Comptroller General B-137762 (May 3, 1977)). The only thing that has changed since the decisions in the majority of our prior cases is the formalization of that practice by a policy statement. Moreover, policy statements of the Commissioner are no more than administrative declarations. They may be changed, or ignored, either prospectively or retroactively. Red Star Yeast & Prod. Co. v. Commissioner, 25 T.C. 321, 343 (1955); McBride v. Commissioner, 23 T.C. 901, 910 (1955); *393 Couzens v. Commissioner, 11 B.T.A. 1040, 1156 (1928). On the other hand, the statutory provisions of section 6672 and the legislative purpose of that section have remained substantially unchanged. Thus, we cannot agree with petitioners that the policy statement "undercuts" or "eliminates" the considerations expressed in the cases above. Section 6672 was enacted by Congress as a penalty. The language of the provision makes a responsible person "liable to [sic] a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." Sec. 6672(a) (emphasis added). The legislative history of its enactment reads as follows: This section is similar to certain sections of existing law which prescribe a penalty equal to the total amount of the tax evaded, not collected, or not accounted for and paid over, in the case of willful failure to collect, or to truthfully account for and pay over, any tax imposed by this title, or willful attempt in any manner to evade or defeat such tax. However, the application of this penalty is limited only to the collected or withheld taxes which are imposed on some person *394 other than the person who is required to collect, account for and pay over, the tax. Under existing law this penalty is not applicable in any case in which the additions to the tax in the case of delinquency or fraud are applicable. Under this section the additions to the tax provided by section 6653, relating to negligence or fraud, shall not be applied for any offense to which this section is applicable. [S. Rept. 1622, 83d Cong., 2d Sess. 596 (1954); emphasis added.] The liability imposed by section 6672 is personal to the officer, employee, or partner against whom it is asserted and is distinct from the liability for taxes owed by the employer.[8]Bloom v. United States, 272 F.2d 215, 221 (9th Cir. 1959); Smith v. Commissioner, 34 T.C. at 1105. The imposition of liability under section 6672 has a definite penalizing effect upon a person who did not originally owe the tax and who did not earn or receive by transfer the money upon which the tax is imposed. With regard to section 2707(a) and (d) of the 1939 Code, this Court stated in Smith v. Commissioner, 34 T.C. at 1105: *395 The language of sections 2707(a) and (d), wholly apart from the use of the word "penalty," bespeaks this intent. Thus, the assessment of liability under section 2707(a) is not an automatic administrative action where an employer fails to pay its taxes. To the contrary, liability is imposed only in those instances where there is a willful failure to act by the particular officer, employee, or partner charged with the duty to act, or where such person "willfully attempts in any manner to evade or defeat any such tax or the payment thereof" (Emphasis supplied). Such willful failure to act, or attempt to evade or defeat the tax, is referred to in section 2707(d) as a "violation" of the statute. Clearly, this language proscribes "particular types of conduct" and connotes an intention to punish the willful violator rather than merely to collect the tax which should have been paid by the employer. * * * [Fn. ref. and citations omitted.]
The language of the statute focused on by the Smith decision is still contained in section 6672, and the reasoning in that case is still applicable. We continue to hold that section 6672 constitutes a penalty nondeductible *396 under sections 165(c)(1) and 166. [9] *397 The same reasoning applies to amounts paid under threat of imposing the section 6672 penalty.[10]
*398 Legal and Accounting Fees Related to Section 6672 Liability
Respondent disallowed $ 8,885 of petitioners' deduction representing legal and accounting fees attributable to Mr. Duncan's liability under section 6672. Petitioners argue that expenses related to the section 6672 liability should be allowed as deductions. Respondent did not address this issue on opening or reply briefs and appears to have abandoned it. See In re HECI Exploration Co., 862 F.2d 513, 525 (5th Cir. 1988); Bradley v. Commissioner, 100 T.C.     (1993) (slip op. at 6). We therefore hold for petitioners on this issue. [11]
*399 State Withholding Taxes and Penalties
Also included in petitioners' nonbusiness bad debt deduction for 1988 were payments made by Mr. Duncan to the State of Oregon for withholding taxes in the amount of $ 54,728.09, [12] and penalties in the amount of $ 7,790.98. Respondent disallowed both amounts as nondeductible penalties. Petitioners argue that the $ 54,728.09 in State withholding tax is deductible under section 165(c)(1); [13] alternatively, they argue that both the withholding tax amount and the State tax penalties are deductible as business bad debts under section 166. Or. Rev. Stat. section 316.167 (1991) imposes an obligation *400 on every "employer" to withhold State income taxes from wages paid to employees. Or. Rev. Stat. section 316.162(3)(b) (1991) includes in the definition of employer "An officer or employee of a corporation * * * who * * * is under a duty to perform the acts required of employers by ORS [Oregon Revised Statutes section] 316.167". These provisions impose personal, individual liability on every "employer" for any sums required to be withheld but not paid over to the State and for any penalties accruing thereon. See Or. Rev. Stat. sec. 316.207(1), (2), (5)(d) (1991); cf. Arrigoni v. Commissioner, 73 T.C. at 801 (referring to similar Minnesota statutes). The operational similarity between these provisions and section 6672 is readily apparent. ABC and Cascade were supposed to pay over the withholding amount to the State of Oregon. They did not, and Mr. Duncan was held liable for this amount as a responsible person falling under Oregon's definition of "employer". According to the Oregon Supreme Court, the purpose of the provisions making corporate officers responsible for State withholding tax was to reach situations in which: officers of * * * [small, *401 closely held] corporations would fail to remit withholding taxes in order to stay in business by "borrowing" state tax money and would escape personal liability, because "they can hide behind the corporate personality and avoid the penalties for a failure for which they are individually responsible." The amendment, the Commission explained, would reach "those officers of the corporation charged with the responsibility for withholding and remitting the taxes." [Olson v. Department of Revenue, 744 P.2d 240, 242 (Or. 1987).]
In United States v. Sotelo, 436 U.S. at 277 n.10, the Supreme Court noted that similar considerations surround the administration of section 6672. The Court quoted a law review article, which stated: "It is a common phenomenon of business failure that even an 'honest' businessman, in attempting to salvage a business which appears headed for insolvency, will frequently 'borrow' money of other people without their consent if he can get his hands on it. The one fund which he is almost always able to lay his hands on is the taxes he has withheld and is currently withholding from his employees *402 for the Government." [Id. (quoting Marsh, "Triumph or Tragedy? The Bankruptcy Act Amendments of 1966", 42 Wash. L. Rev. 681, 694 (1967)).]
The public policy arguments against allowing deduction of State withholding taxes or penalties paid by Mr. Duncan are analogous as well. See especially supra note 8 and the discussion of Hudlow v. Commissioner, T.C. Memo. 1971-218, supra note 10; see also Conley v. Commissioner, T.C. Memo. 1977-406, in which this Court stated: even if payment by petitioner of the corporation's liabilities for unpaid F.I.C.A. and Federal withholding taxes were otherwise deductible by him under any of the cited sections, deduction would have to be disallowed on the ground that to allow the same would be to frustrate a well-defined public policy. By a parity of reasoning, we believe that petitioner's payment of the corporation's liability for unpaid New York State withholding taxes and unpaid contributions to the unemployment insurance fund should not be allowed as deductions to him. [Citations omitted.]
To permit a taxpayer to deduct a personal liability *403 that specifically attaches to his responsibility under these State provisions would undoubtedly undermine their effectiveness. Smith v. Commissioner, 34 T.C. at 1106. Thus, we must disallow petitioners' deduction of these amounts under sections 165 and 166 for reasons of public policy. [14]
Section 6661 Addition to Tax
Respondent determined *404 that petitioners are liable for an addition to tax under section 6661. Section 6661(a) provides for an addition to tax equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement is substantial if it exceeds the greater of $ 5,000 or 10 percent of the tax required to be shown on the return. Sec. 6661(b). The amount of the understatement may be reduced under section 6661(b)(2)(B) for amounts adequately disclosed or supported by substantial authority. Respondent's determination of the addition to tax is presumed correct and petitioners bear the burden of proving otherwise. Rule 142(a); Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioners argue that their position with respect to the items comprising the $ 437,631 nonbusiness bad debt deduction was supported by substantial authority. The substantial authority standard is less stringent than a "more *405 likely than not" standard, but stricter than a reasonable basis standard. Antonides v. Commissioner, 91 T.C. 686, 702 (1988), affd. 893 F.2d 656 (4th Cir. 1990); sec. 1.6661-3(a)(2), Income Tax Regs. The weight of the authorities for the tax treatment of an item is determined by the same analysis that a court would be expected to follow in evaluating the treatment of the item. Antonides v. Commissioner, supra.
The cases cited herein demonstrate a long history of authority contrary to petitioners' various positions with regard to the section 6672 penalties at issue in this case. Petitioners relied primarily on an administrative pronouncement, Policy Statement P-5-60, for their position. [15] However, the policy statement does not address deductibility of the section 6672 penalty. Nor does it address the characterization of the section 6672 liability as a penalty. Rather, it simply explains the procedure for collection of the liability. In evaluating whether a taxpayer's position regarding the tax treatment of an item is supported by substantial authority, the weight of authorities in *406 support of the taxpayer's position must be substantial in relation to the weight of authorities supporting contrary positions. Antonides v. Commissioner, supra at 702; sec. 1.6661-3(b)(1), Income Tax Regs. When balanced against the great weight of contrary case law, the policy statement does not constitute substantial authority. With regard to the State penalties paid by Mr. Duncan, petitioners' supporting authority was less solid and cannot be considered substantial. [16]
*407 Respondent's determination under section 6661 must be modified to reflect the fact that petitioners were entitled to claim a deduction for legal and accounting fees attributable to Mr. Duncan's section 6672 liability. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1988, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent concedes that petitioners are not liable for the addition to tax under sec. 6653(a).↩
3. Petitioners' argument is based on sec. 165(c)(1), which allows individuals to deduct losses incurred in a trade or business. In the petition, petitioners also assert that the sec. 6672 payment was deductible by virtue of sec. 165(c)(2) as a loss incurred in a transaction entered into for profit, though not connected with a trade or business. Petitioners appear to have abandoned this argument on brief. In any event, our decision with regard to ultimate deductibility by virtue of sec. 165(c)(1) is equally applicable to sec. 165(c)(2)↩.
4. In Arrigoni v. Commissioner, 73 T.C. 792, 801 n.9 (1980), this Court stated: Since the addition to tax imposed by sec. 6672 is personal to the taxpayer, petitioners cannot invoke sec. 166 to circumvent the prohibition of a deduction under sec. 162(f). * * * This Court will not permit the taxpayer to transform a nondeductible personal obligation into a deductible corporate debt when to do so would circumvent the effectiveness of sec. 6672↩. [Citations omitted.]
5. Courts have traditionally disallowed deductions where sharply defined national or State public policies would be frustrated by the consequences of allowing the deduction. See Commissioner v. Heininger, 320 U.S. 467 (1943); Stephens v. Commissioner, 905 F.2d 667, 672 (2d Cir. 1990), revg. and remanding 93 T.C. 108 (1989); Blackman v. Commissioner, 88 T.C. 677, 680 (1987), affd. without published opinion 867 F.2d 605 (1st Cir. 1988); Medeiros v. Commissioner, 77 T.C. 1255, 1262 (1981); Rev. Rul. 77-126, 1977-1 C.B. 47, 48. Sec. 162(f) provides that no deduction shall be allowed for any fine or similar penalty paid to a government for the violation of any law. In 1971 Congress amended sec. 162(c), and in doing so, commented on sec. 162(f): The provision was intended to apply, for example, to penalties provided for under the Internal Revenue Code in the form of assessable penalties (subchapter B of chapter 68) * * * [S. Rept. 92-437 (1971), 1972-1 C.B. 559, 600.]
Sec. 6672 is an assessable penalty imposed by subch. B of ch. 68. See Reid v. Commissioner, T.C. Memo. 1981-677; see also sec. 1.162-21(b)(ii), Income Tax Regs.
In Stephens v. Commissioner, 93 T.C. at 112, this Court stated that while sec. 162(f) does not apply to deductions under sec. 165, the "considerations" involved in applying sec. 162(f) extend to sec. 165. This reasoning was adopted by the Court of Appeals for the Second Circuit, which, although reversing our decision, stated that the public policy considerations embodied in sec. 162(f) are "highly relevant" to a determination of deductibility under sec. 165. Stephens v. Commissioner, 905 F.2d at 672↩.
6. Policy Statement P-5-60 was revised on Feb. 2, 1993. The version applicable to 1988 stated: 100-Percent penalty assessments The 100-percent penalty (applicable to withheld income and employment (social security and railroad retirement) taxes or collected excise taxes) will be used only as a collection device. If a corporation has willfully failed to collect or pay over income and employment taxes, or has willfully failed to pay over collected excise taxes, the 100-percent penalty may be asserted against responsible officers and employees of the corporation * * * The withheld income and employment taxes or collected excise taxes will be collected only once, whether from the corporation, from one or more of its responsible persons, or from the corporation and one or more of its responsible persons. Collection of the withheld income and employment taxes or collected excise taxes is achieved when the Service's right to retain the amount collected is established. An abatement of the tax assessment against the corporation will be made to the extent that the related 100-percent penalty assessment is paid, after expiration of the period for filing a claim by the person(s) from whom the 100-percent penalty was collected.↩
7. Petitioners also refer to the parties' stipulation that respondent's representative, in dealing with Mr. Duncan, "explained * * * that payments made by Mr. Duncan on the I.R.C. § 6672↩ assessments would be applied to the corporate liabilities for withholding taxes".
8. Allowing a deduction for a sec. 6672 payment would, in many cases, provide a tax benefit to two taxpayers for a single expense. A corporation normally deducts the gross amount paid to employees, including the amount that is supposed to be withheld as taxes. See, e.g., Conley v. Commissioner, T.C. Memo. 1977-406. In many cases, the amount representing withholding taxes on wages is withheld, but never paid over, thus allowing the corporation a deduction for an expense that was never paid. See id. Often, as in this case, the person responsible for nonpayment of the withheld taxes is the owner of the employer corporation. It would be incongruent to allow a second deduction to the very person responsible for the original nonpayment of the withholding amounts. See Hudlow v. Commissioner, T.C. Memo. 1971-218, discussed infra↩ note 10.
9. In United States v. Sotelo, 436 U.S. 268, 275 (1978), the Supreme Court held that sec. 6672 constitutes a "tax", rather than a "penalty", for purposes of dischargeability under the Bankruptcy Act. We stated in Patton v. Commissioner, 71 T.C. 389, 390-391 (1978), that the Supreme Court's decision had "no controlling effect upon the meaning of "penalty" in section 162(f), which is directed to an entirely different problem." See also Misbin v. Commissioner, T.C. Memo. 1985-285. While we do not base our decision today on sec. 162(f), we believe the reasoning in Patton remains applicable in the context of this case. See Arrigoni v. Commissioner, 73 T.C. at 801 n.9; Smith v. Commissioner, 34 T.C. 1100, 1106 (1960), affd. per curiam 294 F.2d 957 (5th Cir. 1961); Conley v. Commissioner, supra↩.
10. In Hudlow v. Commissioner, T.C. Memo. 1971-218, the taxpayer paid the withholding tax liability of his corporation without an actual assessment under sec. 6672, but apparently under threat of such penalty. Petitioners paid $ 34,965 under similar circumstances. Petitioners state on brief that "there is no reason to distinguish between the payment made as the result of an assessment and the payment made prior to assessment and both should be treated as made in connection with a section 6672(a) assessment." In Hudlow, this Court reviewed the public policy rationale used in Smith v. Commissioner, supra, and stated that "To distinguish Benjamin T. Smith because of the lack of an assessment of a penalty under section 6672 in this case, and to hold for Mr. Hudlow on the issue of the payment of the withholding taxes, would produce anomalous and undesirable results." This Court further stated: If a responsible corporate officer causes the corporation to pay over the withholding taxes to the Government in a proper and timely manner as required by law, neither the officer nor the corporation gets a deduction as a result; but, if we held for Mr. Hudlow, then the officer who neglects his duty, permits the corporation to divert the withheld money and use it for other purposes, and later pays the taxes out of his own pocket when the corporation is insolvent (or nearly so) and the Government is threatening him personally with punitive measures, but prior to the time when a penalty is actually assessed against him, he would become entitled to a tax deduction for the full amount of the paid-over taxes. Such a result would literally reward the controlling officer of a corporation whose fortunes are plummeting for failing to discharge the duties which are imposed upon him by law.↩
11. Legal fees and related expenses are not considered part of the fines or penalties to which they relate. See Meersman v. Commissioner, T.C. Memo. 1993-47; Gilboy v. Commissioner, T.C. Memo. 1978-114; sec. 1.162-21(b)(2), Income Tax Regs. Thus, the public policy concerns discussed above do not exist with regard to these payments. This Court has generally allowed an itemized deduction under sec. 212 for legal fees and expenses related to a sec. 6672 penalty. See Meersman v. Commissioner, supra; Gilboy v. Commissioner, supra↩.
12. Petitioners contend and respondent disputes that Mr. Duncan paid State of Oregon withholding taxes of $ 3,000 not deducted on their return. Petitioners have the burden of proof with regard to their claim, Rule 142(a), but have presented no evidence to support it.↩
13. Petitioners agree that no deduction under sec. 165↩ is allowable for State tax penalties paid by Mr. Duncan.
14. In their reply brief, petitioners argue that they are entitled to a deduction for the State withholding taxes because "a deduction is allowable for the state taxes as wages paid to corporate employees (employee income taxes remitted to a state by an employer are included in the employee's gross wage income)." Petitioners' use of this rationale brings to light the incongruence of allowing their deduction. The employer corporation is presumably entitled to a deduction for gross employee wages. To also allow petitioners a deduction for amounts withheld from employee wages would create a second deduction for the same wages. See supra↩ note 8.
15. Administrative pronouncements may constitute substantial authority under the regulations and our cases. See Antonides v. Commissioner, 91 T.C. 686, 702 (1988), affd. 893 F.2d 656 (4th Cir. 1990); sec. 1.6661-3(b)(2), Income Tax Regs.↩
16. Petitioners could have avoided the sec. 6661↩ addition by making an adequate disclosure on their return. On their 1988 Federal income tax return, petitioners grouped all items comprising the $ 437,631 "nonbusiness bad debt" onto one line disclosing only the amount of the ultimate deduction. This does not constitute adequate disclosure, and petitioners do not argue that it does.