T.C. Summary Opinion 2002-2

UNITED STATES TAX COURT

WILLIAM J. PHILLIPS, JR. AND MATRONA A. PHILLIPS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2295-00S.          Filed January 14, 2002.

Joseph R. Lohin, for petitioners.

Kathleen K. Raup, for respondent.

POWELL, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are
to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $4,472 in petitioners' 1997 Federal income tax. After concessions by the parties,[2] the issues are: (1) whether this Court has jurisdiction to consider the propriety of a levy upon an individual retirement account (IRA) of petitioner William J. Phillips, Jr. (petitioner-husband); (2) whether the proceeds of the levy are included in calculating petitioners' modified adjusted gross income (MAGI) for purposes of determining eligibility for the earned income credit (EIC); (3) whether respondent should have allocated 10 percent of the proceeds of the levy to petitioners' 1997 tax liability; and (4) whether petitioners are entitled to a deduction for payment of a portion of petitioner-husband's section 6672 liability. Petitioners resided in Wilkes-Barre, Pennsylvania, at the time the petition was filed.

This case was submitted fully stipulated pursuant to Rule 122. The applicable facts may be summarized as follows. In 1988, respondent assessed a penalty under section 6672(a) for failure to collect and pay over employment taxes against

---

[2] Respondent concedes that petitioners are not liable for the sec. 72(t) 10-percent additional tax in the amount of $1,045. See Larotonda v. Commissioner, 89 T.C. 287 (1987). Except as discussed infra, petitioners concede that the proceeds of the levy on petitioner-husband's IRA are includable in petitioners' gross income. Additionally, in the petition, petitioners raised the issue whether the notice of deficiency was valid. Petitioners did not address this argument at the hearing or in their trial memorandum, and it is deemed to have been conceded. See Levin v. Commissioner, 87 T.C. 698, 722-723 (1986), affd. 832 F.2d 403 (7th Cir. 1987).

petitioner-husband in the amount of $57,013.[3]  The assessment was made in connection with petitioner-husband's position as a responsible officer of Dynatrex, Inc., an S corporation. Petitioner-husband owned one-third of the stock of Dynatrex, Inc. at the time of the assessment.  Dynatrex, Inc. ceased operations by 1989 and did not file a Federal income tax return for the taxable year 1997.

In 1997, respondent levied petitioner-husband's IRA held at Dean Witter Reynolds (Dean Witter) in order to collect the liability from the section 6672 assessment.  The IRA was in petitioner-husband's name only, and petitioner Matrona A. Phillips (petitioner-wife) was listed as the beneficiary of the IRA in the event of his death.  Dean Witter complied with respondent's levy by turning over the entire balance of petitioner-husband's IRA, $10,452, which respondent applied to the section 6672 liability.  Dean Witter did not withhold any amounts for payment of petitioners' 1997 Federal income tax liability.

On petitioners' joint 1997 Federal income tax return, petitioners reported gross income of $18,818, adjusted gross income of $17,889, taxable income of $0, and self-employment tax of $1,857.  Petitioners had three qualifying children during 1997

---

[3]  All amounts are rounded to the nearest dollar.

and claimed an EIC of $2,404. Petitioners did not report the IRA distribution.

Respondent determined that petitioners' gross income should be increased by the amount of the $10,452 IRA distribution. The adjustment increased petitioners' tax liability and reduced the claimed EIC.

## Discussion

### 1. Interest of Petitioner-Wife

As we understand, petitioners argue that Dean Witter should not have honored the levy because petitioner-wife had not consented to the forced distribution of the IRA account, and, therefore, the distribution should be deemed void. The fact of the matter is, Dean Witter did honor the levy, and, under the circumstances, we are unsure where petitioners' argument leads. In all events, it appears from this record that the levy and subsequent honoring thereof were correct.

Under section 6321, upon an assessment of tax, a lien arises "in favor of the United States upon all property and rights to property" belonging to the taxpayer. Respondent is authorized to collect such tax "by levy upon all property and rights to property" of the taxpayer, section 6331(a), and the person upon who the levy is served "shall * * * surrender such property", section 6332(a). Upon the execution of a levy, the Internal Revenue Service "acquires whatever rights the taxpayer * * *

[possessed]." <u>United States v. Natl. Bank of Commerce</u>, 472 U.S. 713, 725 (1985).

Petitioners do not claim that petitioner-husband, against whom the assessment had been made, had no interest in the account levied upon, and it is not disputed that petitioner-husband could have withdrawn the funds. If petitioner-wife had cognizable interest in the property levied upon, her remedy was to bring an action in the district court against the United States pursuant to section 7426(a). See <u>id.</u> at 728. But, she cannot claim here that the distribution arising from the compliance with the levy by Dean Witter should be deemed void.

2. <u>Adjustments to Petitioners' Modified Adjusted Gross Income for EIC Purposes</u>

Section 32(a)(1) provides a credit based upon a taxpayer's earned income, commonly referred to as an EIC. Section 32(a)(2)(B) provides that the credit shall not exceed "the phaseout percentage of so much of the modified adjusted gross income (or, if greater, the earned income) of the taxpayer * * * as exceeds the phaseout amount." It is not contested that, if the income from the IRA distribution is included in petitioners' MAGI, respondent's adjustment to the credit is correct.

Section 62(a) provides that adjusted gross income means gross income less certain deductions. These deductions do not include deductions for IRA distributions. Section 32(c)(5)

provides that MAGI means adjusted gross income determined without regard to certain amounts, none of which pertain to a distribution of IRA funds.

Petitioners argue, however, that the IRA distribution should not be included in their MAGI because they did not physically receive any funds. Petitioners' gross income includes all amounts received or constructively received as a distribution from an IRA. See secs. 408(d), 72, 61; Larotonda v. Commissioner, 89 T.C. 287, 291 (1987); see also Amos v. Commissioner, 47 T.C. 65, 70 (1966). The nature of that income is not altered for purposes of computing adjusted gross income, section 62(a), or modified adjusted gross income, section 32(c)(5), simply because it was deemed constructively received.

3. Respondent's Allocation of the Entire Proceeds to the Section 6672(a) Liability

Petitioners contend that respondent should have allocated 10 percent of the proceeds of the levy to petitioners' 1997 tax liability. The underpinnings of this argument lie in section 3405(b), which provides that the payor of any nonperiodic distribution shall withhold 10 percent of such distribution. Dean Witter, the payor, did not withhold any amounts from the distribution pursuant to the levy on petitioner-husband's IRA. Petitioners argue that respondent knew that Dean Witter failed to withhold this amount, and, therefore, it was respondent's

responsibility to allocate 10 percent of the distribution to their current year's tax liability.  We disagree.

This Court follows the rule that in the case of involuntary payments, respondent is free to apply the payments as he may choose.  Amos v. Commissioner, supra at 69; see also United States v. Pepperman, 976 F.2d 123, 127 (3d Cir. 1992).  The payment made here in compliance with a levy was involuntary. Amos v. Commissioner, supra.  In short, respondent was entitled to apply the entire amount received from the levy to petitioner-husband's section 6672 liability.

4. Deduction of Loss from Dynatrex, Inc.

Petitioners argue that they are entitled to a so-called pass-thru loss deduction under section 1366 for payment of a portion of petitioner-husband's section 6672 liability. Petitioners' theory is that a payment in 1997 of a portion of Dynatrex, Inc.'s employment tax liability would be deductible by Dynatrex, Inc., and, since it had no income for 1997, Dynatrex, Inc., as an S corporation, would have a loss that would pass through to the shareholders of Dynatrex, Inc.

Initially, we observe that generally a taxpayer may not deduct payments made pursuant to a section 6672 liability as an ordinary and necessary business expense under section 162, Smith v. Commissioner, 34 T.C. 1100 (1960), affd. per curiam 294 F.2d 957 (5th Cir. 1961); Patton v. Commissioner, 71 T.C. 389 (1978),

or as a bad debt under section 166, <u>Arrigoni v. Commissioner</u>, 73 T.C. 792, 800 (1980). Furthermore, while petitioner-husband's section 6672 liability had its genesis in the corporate liability, that "liability became fixed and personal to him upon his failure to pay over the amount withheld to the Government." <u>Id.</u> at 800. As we noted, "This Court will not permit the taxpayer to transform a nondeductible personal obligation into a deductible corporate debt when to do so would circumvent the effectiveness of sec. 6672." <u>Id.</u> at 801 n.9. Finally, even if petitioners could overcome these roadblocks, petitioners have not established that Dynatrex, Inc. did not claim such a deduction in 1988 or earlier as a part of wages when paid. In sum, there is no basis for allowing petitioners such a deduction on their 1997 return.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent except as to</u>

<u>the section 72(t) penalty</u>.